**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor CHACON, Defendant-Appellant.**

**No. 76–2864.**

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1977.

Lars Pedersen (argued) of Schneider & Pedersen, Tucson, Ariz., for defendant-appellant.

Ron Jennings, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before DUNIWAY, CHOY and KENNEDY, Circuit Judges.

CHOY, Circuit Judge:

Victor Chacon appeals from his jury conviction for importing 1,451 pounds of marijuana into this country and possessing that controlled substance with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1). The sole issue presented is whether the district court committed reversible error in denying appellant's motion for production of a copy of the sealed trial transcript of a juvenile who was arrested and charged at the same time as Chacon, but tried separately. We affirm.

*Background*

When a pickup truck driven by appellant was stopped by law enforcement officers and the marijuana was discovered, the juvenile was in the passenger seat. The remainder of the contraband was found in a mobile home accompanying the pickup and carrying three adult passengers, one of whom was the juvenile's uncle. Following trial as a juvenile before federal District Judge James A. Walsh, the boy was acquitted. Because federal law provides that

[u]pon the completion of any juvenile delinquency proceeding whether or not

there is an adjudication the district court shall order the entire file and record of such proceeding sealed[,]

18 U.S.C. § 5038(a), the trial transcript in question, as part of the record, was ordered sealed by the court.[1] After such sealing, release of the record is prohibited except in certain enumerated circumstances. *See id.* § 5038(a)(1)–(5).

Judge Walsh also presided over the subsequent trial of the adult defendants. By written pretrial motion, appellant sought court permission to secure a transcript of the juvenile trial for possible impeachment purposes in light of the juvenile's acquittal and because neither he nor his counsel was permitted to attend the juvenile proceedings. The request was denied, the court noting that "the transcript was in a juvenile matter and the transcript is sealed. There is no way I can furnish the transcript to you." At a later hearing on various pretrial motions, it became known that the juvenile's trial counsel, Ruth Finn, then representing the juvenile's uncle, had somehow obtained a copy of the transcript without court permission. Apparently neither Judge Walsh nor the other opposing parties knew of Finn's possession of the transcript until she attempted to make it a part of the record during the hearing.[2] The court denied such use of the transcript, noting again that the statute specifically required the record to be sealed.

Appellant immediately renewed his motion for furnishing of the transcript, now arguing that, since one party had the transcript available for possible impeachment purposes, due process and equal protection principles compelled its release to him. The

1. Federal law provides that, if not prosecuted as an adult, "neither the name nor picture of any juvenile shall be made public by any medium of public information in connection with a juvenile delinquency proceeding." 18 U.S.C. § 5038(d)(2). Because the involved youth's trial record was sealed pursuant to § 5038(a), we will limit our references to "the juvenile" and "the uncle" in conformity with the purpose of the protective statute.

2. There is a conflict in the briefs as to whether Finn referred to data in the transcript or merely relied upon her memory. In light of our dispo-

sition, the factual resolution of the dispute is without consequence.

One additional contention can be disposed of at this juncture. Appellant points out that the Government put into evidence at his trial a large map used for demonstrative purposes that had also been an exhibit at the juvenile hearing. Appellant's intimation that the Government's use of the map at the adult trial demonstrates a wrongful possession of at least part of the sealed record is meritless, for the court had the map removed from the juvenile trial record before it was sealed.

motion, joined in by two codefendants, was once again denied. At the same hearing, the Government attorney—the same prosecutor involved in the related juvenile case—stated, in response to an inquiry by the court, that he did not have a copy of the transcript in question. The motion to obtain the transcript was renewed—and denied—for a final time at trial. The jury returned a verdict of guilty, and appellant was committed to federal custody.

### Authority to Review and Disclose

In restating his claim for disclosure of the juvenile trial transcript here, appellant argues that equal protection and due process principles, as well as cases decided under the Jencks Act, 18 U.S.C. § 3500, required that he be afforded a copy of the transcript during the trial proceedings, and that the failure to provide the transcript denied him due process, "tainted the evidence and the case," and requires reversal of his conviction and dismissal of the charges against him.

We believe that this case turns on a proper interpretation of § 5038. Upon a close scrutiny of the interests expressed in the section, it appears that Congress has provided a statutory means for the examination and the limited disclosure of records sealed thereunder.

■ Section 5038(a) states that, after a juvenile record is sealed, the district court shall not release it except to the extent necessary to meet certain circumstances. The exceptions enumerated in the statute indicate a legislative intent that certain interests were sufficient to countervail the newly-created, general privacy right of the juvenile. While the bare phrase which states the exception relevant here—"inquiries received from another court of law," 18 U.S.C. § 5038(a)(1)—is not elaborated upon elsewhere in the statute or the legislative history, see [1974] U.S.Code Cong. & Ad. News 5283, 5321, we are confident that the exceptions were enacted with the expectation that the entity to which the otherwise sealed record is released would also utilize the materials contained therein for the purposes authorized in the statutory statement creating the exceptions themselves, consist-

ently with the concern of preventing undue public disclosure of the involved juvenile's identity. See 18 U.S.C. § 5038(d)(2).

The statute thus envisions use of sealed juvenile records in preparing presentence reports for other courts of law, § 5038(a)(2); in law enforcement investigations of crime or intra-agency positions, § 5038(a)(3); by juvenile treatment agencies where the youthful offender has been committed by a court, § 5038(a)(4); and in employment investigations for a position "immediately and directly affecting the national security," § 5038(a)(5), all in addition to the general exception created for inquiries by courts of law. We think that the interest in providing a defendant with a fair trial is at least as substantial as the interests which underlie the additional four exceptions to the general rule of nondisclosure and thus deserves our protection.

It is reasonable to infer that Congress intended the court inquiry exception to encompass a situation like the instant case enabling a court faced with a request for an order compelling the release of a record sealed under § 5038 to balance the interests potentially in conflict. And we can see no reason why limitations upon revelation of the juvenile's identity and record could not effectively be imposed upon a litigant who is given access to part of a juvenile's sealed record by a judge who has read it pursuant to that section. See, e. g., Kerr v. United States District Court of California, 426 U.S. 394, 404–05, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); United States v. Nixon, 418 U.S. 683, 714–16, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); United States v. Estrada, 441 F.2d 873, 879–80 (9th Cir. 1971).

■ We hold that, by the terms of § 5038 itself and upon the specific defense motion to furnish, the district court was empowered to inspect the sealed juvenile transcript and that evidence contained within the transcript material to presentation of a proper defense was disclosable under an appropriately limiting order. To permit release of juvenile records to any court for any purpose would substantially weaken the protection intended by Congress in en-

acting § 5038. We therefore limit our holding to the facts of this case, that is, one in which the juvenile himself was involved in the transaction on which the prosecution of the defendants is based, even though the juvenile is not a party to the action. This holding makes it unnecessary for us to discuss the constitutional points raised by appellant.

### The Contents of the Transcript

We conclude that court examination of the juvenile trial transcript for the existence of disclosable portions should have been afforded appellant. From the record on appeal, however, it is evident that the district judge did not undertake such an examination, believing that he lacked the power to disclose any of the contents to appellant.

■ In the interest of judicial economy we have obviated a remand of this case to the district court for its examination of the transcript by securing a copy of the sealed transcript—not otherwise part of the record on appeal—and by looking at the material ourselves. Moreover, review and comparison of the juvenile and adult transcripts should reveal discrepancies, if there are any, without the need for taking into account a deference to the trial judge's ability to assess demeanor impressions. While the Government here encourages our inspection, appellant argues that an *in camera* review on appeal is insufficient to guarantee his due process rights, since he claims that the error which has been committed is irreparable, and hence, a per se reversal is required. But this contention simply *assumes* the existence of two discrete errors: first, the failure to examine the juvenile trial transcript upon specific defense motion for its release, and second, the failure to disclose testimony contained therein materially helpful to the defense. Our *in camera* inspection of the transcript here completely cures the first error, and our careful reading of both the sealed transcript and the record of testimony at the adult suppression hearing and trial without finding evidence of exculpatory or impeachment value utterly refutes the allegation of the second error.

The judgment of conviction is AFFIRMED.

KENNEDY, Circuit Judge, concurring:

I agree that none of the testimony in the juvenile trial would have been helpful to the adult defendant, and therefore I concur in the judgment of the court. However, the holding that juvenile records sealed pursuant to 18 U.S.C. § 5038 (Supp. V 1975) may be disclosed in proceedings that involve a "transaction" in which "the juvenile himself was involved" is unnecessary and also, I think, quite wrong.

The holding is unnecessary because it is now well settled that the confrontation clause of the sixth amendment to the Constitution requires production of material that is needed to cross-examine, notwithstanding statutory provisions for nondisclosure of juvenile proceedings. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). It is true, as the majority opinion states, that we should avoid constitutional questions; but we break no new ground here by acknowledging that the defendant would have a constitutional right of access to the transcript if it would assist him in cross-examination. That issue is definitively settled. There is no reason to ignore *Davis v. Alaska*. The majority opinion does, however, break new ground in its disposition of the statutory question, and in so doing it severely limits the congressional policy of safeguarding juvenile records from disclosure.

The statutory question in this case concerns the proper construction of section 5038(a)(1). The relevant subparagraph provides that disclosure shall be made to the extent necessary to meet "(1) inquiries received from another court of law." This is the first of five specific exceptions to the general statutory rule prohibiting disclosure of the record in juvenile proceedings. The other four exceptions embodied in the statute (subsections (a)(2) through (a)(5)) allow release of juvenile records only to law enforcement authorities (subsection (a)(3)) or when release of the records is requested in a matter which directly affects the juve-

nile's *own interests* (subsections (a)(2), (a)(4)–(5)). The first exception should be construed as parallel to the other exceptions and thus confined to cases where the interests of the juvenile himself are at stake in the judicial proceeding.

Some idea of the congressional concerns motivating a policy which shields juvenile records is suggested by the Senate Report on the bill which included what eventually became section 5038:

> The highest attention must be given . . to minimizing the involvement of young offenders in the juvenile and criminal justice system . . . .

S.Rep.No. 93–1011, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 5283, 5285 (quoting National Advisory Commission on Criminal Justice Standards & Goals, A National Strategy to Reduce Crime 23 (1973)). In keeping with the direction of Congress' solution of this perceived problem, I would confine the statutory exception in question to permit release of juvenile records on inquiry of a court only when the juvenile himself is already directly involved in the court proceeding.

The majority opinion, understandably, attempts to limit the scope of its holding to the circumstances of this case. But having elected a statutory interpretation which permits a party in a court proceeding not involving the juvenile to inquire into the juvenile's records, the majority seemingly forecloses the possibility of confining this case to its facts. I would reject entirely this expanded construction of section 5038(a)(1).

The case where the juvenile is a coprincipal in a criminal transaction is precisely the one in which protection afforded by a sealed transcript is needed the most urgently. Every encouragement should be given to the juvenile to discuss his actions freely

and completely so that rehabilitation can commence without delay, and without fear of retaliation or censure from any others who participated in the alleged offense. This is especially true where the coprincipals are adults.

I would hold that the transcript of a juvenile proceeding may not be reviewed by a third party involved in a separate proceeding unless the requirements of the confrontation clause of the sixth amendment pertain. In this case, the panel is unanimous in its view that the sealed transcript was unnecessary for the proper defense of the charges. Hence the sixth amendment problem is not presented, and there was no error in denying Chacon access to the juvenile record.[1]

---

1. Our examination of the transcript of the juvenile proceeding in light of the entire record of the Chacon trial convinces us that the juvenile record was irrelevant to Chacon's defense. Hence Chacon would be unable to show that he was denied "the right of effective cross-examination." *See Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974).

Of course, were we to have concluded that the juvenile transcript was in any way relevant to the defendant's effective defense, " 'no amount of showing of want of prejudice would cure it.' " *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968), *quoting Brookhart v. Janis*, 384 U.S. 1, 3, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).