No. 80-51778-A

In the Matter of the Interest of DAVID W. HOLLINGSHEAD, A male minor, *Appellant.*

(619 P.2d 1160)

Opinion filed December 6, 1980.

*William S. Mills,* of McPherson, argued the cause and was on the brief for the appellant.

*Tyrus C. Kaufman,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Tim R. Karstetter,* county attorney, were with him on the brief for the appellee.

*James W. Clark,* of Ottawa, was on the brief *amicus curiae* for the Kansas County and District Attorneys Association.

The opinion of the court was delivered by

MCFARLAND, J.: David W. Hollingshead was adjudicated a miscreant child for his involvement in school vandalism and was granted probation. As a part of the disposition the court held:

"IT IS FURTHER ORDERED that there appearing no special reason why the juvenile, David W. Hollingshead, should be further protected under the juvenile code, the record of the charge against him and this disposition shall be opened for publication. THE COURT FURTHER ORDERED, however, that the release for

publication of the juvenile's name and the disposition of this charge be stayed for a period of six (6) days to allow the guardian ad litem an opportunity to file notice of appeal, and if such notice of appeal is filed, the release of the juvenile's name shall not be made, pending disposition of the appeal or mandate from the Appellate Court."

On appeal, the juvenile contends the court's standards for release of juvenile court proceedings for publication purposes are improper. Alternatively, the juvenile contends if the court's standards are proper, the court acted arbitrarily and capriciously in its application of the standards to this case. The juvenile does not challenge his adjudication or the disposition of the case except as it relates to release of information for publication purposes.

K.S.A. 1979 Supp. 38-805, in effect at all times herein, provides:

"(a) The record in the district court for proceedings pursuant to the Kansas juvenile code shall consist of the petition, process and the service thereof, orders and writs, and reports and evaluations received or considered by the court. Such documents shall be recorded and kept by the court, separate from other records of the court.

"(b) All records, files or other information maintained, obtained or prepared by any officer or employee of the district court in connection with proceedings under the Kansas juvenile code shall be privileged and shall not be disclosed, directly or indirectly, to anyone except:

"(1) A judge of the district court and members of the staff of the court designated by a judge of the district court;

"(2) parties to the proceeding and their counsel;

"(3) a public or private agency or institution providing supervision or having custody of the child under court order;

"(4) to any other person when authorized by a judge of the district court, subject to any conditions imposed by the judge; or

"(5) a court in which such person is convicted of a criminal offense for the purpose of a presentence report or other dispositional proceeding, officials of penal institutions and other penal facilities to which such person is committed or a parole board considering such person's parole or discharge or exercising supervision over such person.

"(c) In order to properly advise the three branches of government on the operation of the juvenile justice system, each district court shall furnish the judicial administrator such information regarding juveniles coming to the attention of the court pursuant to the Kansas juvenile code as is determined necessary by the secretary of social and rehabilitation services and the director of the governor's committee on criminal administration, on forms approved by the judicial administrator."

In *Nunn v. Morrison*, 227 Kan. 730, 608 P.2d 1359 (1980), a parent in a deprived child proceeding was denied access to a portion of the court file pertaining to the pending case and brought a mandamus action to gain access thereto. This court

reviewed the legislative history of K.S.A. 38-805 and concluded the 1978 amendments reflect a legislative intent to depart from the former statute granting a trial court total discretion in the area. This court held that K.S.A. 1979 Supp. 38-805(*b*)(1), (2), (3), and (5) granted rights of access to juvenile court records to persons within the specified categories and that a trial court may in its discretion allow others access to such records pursuant to K.S.A. 1979 Supp. 38-805(*b*)(4). K.S.A. 1979 Supp. 38-805(*b*)(4) gives the trial court discretion to release records or information concerning juvenile code proceedings to persons who have no statutory right of access thereto, including members of the news media.

The juvenile contends the trial court's standards for publication improperly place the burden of persuasion on the juvenile to show why such information should not be released. In order to determine this issue we must summarize the standards of the court. It is the policy of the court to release the names of all juveniles adjudicated miscreants or delinquents. As a part of the presentence report the court services officer is to "address the question as to whether or not any legitimate reason exists why the juvenile's name should not be made public." At the dispositional hearing, the petitioner, the minor, his parents, or legal representatives are afforded the opportunity to voice their objection or approval to such release of information. The court hears any evidence offered in connection therewith. The court then considers several stated factors and determines whether the information should be released.

The juvenile is confusing the court granting him an opportunity to be heard with burden of persuasion. There is no statutory requirement that a judicial decision to release be made on the evidence in an adversary proceeding. Release of information could occur after arrest. The trial court has established a policy of releasing information only after adjudication and after an opportunity for the juvenile to be heard. A trial court determining a Chapter 38 proceeding has total discretion to release information for publication at any stage of the proceedings, with or without input from the juvenile or his parents. The only limitation on such discretion would be if it were arbitrarily used to discriminate against juveniles of one sex or of a particular racial, ethnic or religious group. No such allegation is made herein nor do the standards reflect any such bias.

Finally, the juvenile argues the court's standards were not properly applied to him. In support of this contention the juvenile states:

"The juvenile respectfully suggests that the district court was in error when it chose to allow the juvenile's name to be unconditionally made public in this instant case when the juvenile was 1) only 15 years of age at the time of the commission of the act; 2) that this was his first offense; 3) that the crime was a miscreancy (misdemeanor criminal damage to property); and 4) that the uncontroverted testimony of the mother and juvenile was that they feared detrimental treatment if the offense became public knowledge."

As previously stated, the trial court has discretion to release information on juveniles for publication pursuant to K.S.A. 1979 Supp. 38-805(b)(4). The trial court has elected to formulate and utilize detailed standards in its exercise of such discretion. The juvenile herein fits squarely within those standards.

No error or abuse of discretion having been shown, the judgment is affirmed.