The Honorable Fred Gatlin State Representative, One Hundred Twentieth District 610 Main Atwood, Kansas 67730
Dear Representative Gatlin:
You request our opinion concerning K.S.A. 1992 Supp. 38-1607 and 38-1608
which prohibit the disclosure of certain juvenile offender records except to specified persons and entities who are involved in the proceedings or after the disposition. Evidently, two juveniles under the age of 16 were apprehended while vandalizing public property. The juveniles were charged in a complaint pursuant to K.S.A. 1992 Supp. 38-1622 and, at some point during this time, prior to the adjudication, the county attorney requested and received permission from the district judge to allow the names of the juveniles and the charges to be disclosed. The names and the charges were then published in the newspaper. According to the county attorney, it is general policy in the county to release the names of juveniles under the age of 16 who are charged with vandalizing public property.
K.S.A. 1992 Supp. 38-1607 provides, in relevant part, as follows:
 "(a) The official file shall be privileged as to any juvenile less than 16 years of age at the time any act is alleged to have been committed and shall not be disclosed directly or indirectly to anyone except:
. . . .
 "(5) any other person when authorized by a court order, subject to any conditions imposed by the order."
K.S.A. 1992 Supp. 38-1608 applies the same prohibitions and exceptions as stated in K.S.A. 1992 Supp. 38-1607 to "records of law enforcement officers and agencies and municipal courts."
Because none of the other exceptions to disclosure apply in this situation, we focus our attention on the "court order" exception which is relevant here. Under these statutes, information concerning a juvenile's name and the charges (if the juvenile is under the age of 16) is confidential and cannot be disclosed, except it may be disclosed to "any other person when authorized by a court order, subject to any conditions imposed by the order."
In the case of In re Hollingshead, 228 Kan. 708 (1980), the district court had a policy of releasing the names of all juveniles adjudicated as delinquents. At the dispositional hearing the parties to the proceedings were afforded the opportunity to voice their objections or approval to such a release. After the hearing, the court considered several factors and determined whether the information should be released. The supreme court concluded that a trial court has total discretion to release information for publication at any stage of the proceedings pursuant to the "court order" exception with or without input from the juvenile or his or her parents. The only limitation on such discretion would be if it were arbitrarily used to discriminate against juveniles of one sex or based upon the juvenile's race, ethnicity, or religion.
While the statute used in the Hollingshead case was repealed in 1982, its language, including the "court order" exception is the same as the language in the current statutes. Consequently, it is our opinion that, pursuant to K.S.A. 1992 Supp. 38-1607(a)(5) and 38-1608(a)(7), a court has the discretion to release the names of juvenile offenders provided that the discretion is not arbitrarily used to discriminate against juveniles of one sex or based upon the juvenile's race, ethnicity, or religion.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm