[No. F011209. Fifth Dist. Feb. 28, 1989.]

CHEYENNE K., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF TUOLUMNE COUNTY, Respondent;
THE MODESTO BEE, Real Party in Interest.

COUNSEL

Michael J. Ward for Petitioner.

No appearance for Respondent.

Drivon, Tabak, Balcao, Winger & Ringhoff, Stephen J. Ringhoff, Dietrich, Glasrud & Jones and Philip J. Norgaard for Real Party in Interest.

OPINION

STONE (W. A.), J.—Petitioner, the minor, Cheyenne K., seeks an order from this court holding that, as a matter of law, the juvenile court must exclude the public, including a representative of real party in interest, The Modesto Bee (The Bee), from a hearing to determine petitioner's competency to stand trial.

### STATEMENT OF THE CASE AND PROCEEDINGS

Pursuant to Welfare and Institutions Code[1] section 602, petitioner was charged with the murder of his girlfriend, Yvette S. After the petition was

---

[1] All statutory references are to the Welfare and Institutions Code.

filed, the juvenile court found there was doubt regarding his competency. The court suspended proceedings and ordered a hearing pursuant to *James H.* v. *Superior Court* (1978) 77 Cal.App.3d 169 [143 Cal.Rptr. 398] and *In re Mary T.* (1985) 176 Cal.App.3d 38 [221 Cal.Rptr. 364] to determine whether petitioner understood the nature of the proceedings and could rationally assist counsel.

The Bee learned that petitioner would seek to exclude the public from the competency hearing and filed a motion in intervention seeking admission to the hearing pursuant to section 676, which at the time provided in relevant part: "(a) Unless requested by the minor concerning whom the petition has been filed and any parent or guardian present, the public shall not be admitted to a juvenile court hearing. The judge or referee may nevertheless admit those persons he or she deems to have a direct and legitimate interest in the particular case or the work of the court. However, . . . members of the public shall be admitted, on the same basis as they may be admitted to trials in a court of criminal jurisdiction, to hearings concerning petitions filed pursuant to Section 602 alleging that a minor is a person described in Section 602 by reason of the violation of any one of the following offenses: [¶] (1) Murder."

The Bee's position was that pursuant to section 676 the public could not be denied access to the competency hearing.

In opposition to the motion by The Bee, petitioner argued that the public access mandated by section 676 in enumerated instances did not apply because competency proceedings are not "hearings concerning petitions filed pursuant to Section 602" since the section 602 proceedings are suspended pending resolution of the question of competency. Accordingly, petitioner contended he had an absolute right to preclude public access to the competency proceeding.

Respondent court ruled in favor of The Bee and ordered the competency hearing open to the public. Petitioner filed a petition for writ of mandate or prohibition, requesting that this court issue an order directing respondent court to "vacate and set aside its order . . . and take such action as the court may direct." We granted petitioner's request for a temporary stay of proceedings pending determination of the petition and issued an order to show cause.

## DISCUSSION

Section 676 sets forth the general rule prohibiting public admittance to juvenile court hearings. Exceptions to this rule are (1) when the minor

requests that the public be admitted; (2) when the judge or referee admits those persons whom he or she deems to have a direct and legitimate interest in the particular case or the work of the court; and (3) when a hearing concerns a petition filed pursuant to section 602 alleging one or more of certain enumerated serious criminal offenses, the public is to be admitted "on the same basis as they may be admitted to trials in a court of criminal jurisdiction."

 Thus, we start with the general principle that neither the public nor the press should be admitted to a juvenile proceeding. The next logical question is whether any of the three exceptions created by section 676 applies. We summarily eliminate the first exception, since the minor has not requested that the public be admitted.

The second exception allows the court to admit to any juvenile hearing those persons who have a legitimate interest in the proceedings. In *Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618 [143 Cal.Rptr. 717, 574 P.2d 788], it was held that the press has a direct and legitimate interest in juvenile proceedings and that the juvenile court therefore had the discretion to admit the press. (*Id.* at p. 623.) However, the same cannot be said for the public in general. The juvenile court's order provided "said hearing to be open to the public." Because we have no record of the reasons for the conclusion that the proceedings are to be open to the public, we cannot determine whether the court properly exercised its discretion. We cannot presume that the juvenile court made an implied finding that the public had a direct and legitimate interest in the competency proceeding.

If the order authorizing public admission to the competency hearing is to be upheld, it must be pursuant to the third exception found in section 676—that the hearing concerns a petition filed pursuant to section 602 alleging one of the enumerated serious crimes. The crime alleged against petitioner is murder—unquestionably one of the specified serious crimes.

Petitioner does not attempt to identify what a hearing concerning a section 602 petition is, but whatever it may be, according to petitioner, it is not a competency hearing. At the risk of engaging in a feckless game of semantics, we examine briefly the common meaning of the word "concerning." It is a preposition connoting something relating to, having to do with, in regard to, or about something else. (Webster's New World Dict. (2d college ed. 1982) p. 293.) Although its use limits reference to the object to which it refers, it connotes a broad spectrum of relationship to the object; thus, its obvious ambiguity. If nothing else, the use of the word "concerning" in the context of section 676 indicates an intent on the part of the Legislature not to limit public access merely to section 602 jurisdictional

hearings or detention hearings, but to permit access to any hearings regarding or upon which section 602 proceedings are dependent.

Although section 602 proceedings are suspended for purposes of conducting a competency hearing, the court retains its jurisdiction under section 602 during the pendency of the hearing. (*In re Vicki H.* (1979) 99 Cal.App.3d 484, 498-499 [160 Cal.Rptr. 294].) In essence, the determination of competency is a condition precedent to the continuation of further section 602 proceedings. In this sense a competency hearing concerns or relates to a section 602 petition.

Perhaps a more enlightening approach to the question whether a juvenile competency hearing is one concerning a section 602 petition is to examine the legislative intent of the section and the policy of opening juvenile hearings involving allegations of serious crimes.

Although there is no authority addressing the construction of section 676 in the context raised by petitioner, it has been held that section 676 provides for public admission to section 707 proceedings to determine whether the minor is fit to be treated as a juvenile or must be treated as an adult. (*Brian W.* v. *Superior Court, supra,* 20 Cal.3d 618; *Tribune Newspapers West, Inc.* v. *Superior Court* (1985) 172 Cal.App.3d 443 [218 Cal.Rptr. 505].) *Brian W.* and *Tribune Newspapers* focus on the question of whether public policy and legislative intent support increased public and press access to juvenile hearings.

In *Brian W.* the California Supreme Court rejected the contention that the statute had to be narrowly construed to preclude access of the press in order to preserve the confidentiality of juvenile records. At that time section 676 provided: " 'Unless requested by the minor concerning whom the petition has been filed and any parent or guardian present, the public shall not be admitted to a juvenile court hearing. The judge or referee may nevertheless admit such persons as he deems to have a direct and legitimate interest in the particular case or the work of the court.' " (*Brian W.* v. *Superior Court, supra,* 20 Cal.3d at p. 622.)[2] The court relied on a report prepared by a special study commission on juvenile justice which had drafted section 676. Although the commission recommended that private hearings be made mandatory unless otherwise desired by the minor or the minor's parents, it qualified this recommendation as follows: " '. . . [W]e do not intend that this recommendation be used to exclude bonafide representatives of the press from attending juvenile court hearings. In so stating, we are convinced

---

[2] This language is retained in the present version of section 676, but the present section also includes the language regarding public access to hearings concerning section 602 petitions alleging enumerated serious offenses.

the press will continue to respect their voluntarily adopted code of ethics, whereby the names of juvenile offenders are not identified to the public.

" 'We believe the press can assist juvenile courts in becoming more effective instruments of social rehabilitation by providing the public with greater knowledge of juvenile court processes, procedures, and unmet needs. We, therefore, urge juvenile courts to *actively encourage greater participation by the press.* It is the feeling of the Commission that *proceedings of the juvenile court should be confidential, not secret.*' (Italics added.)" (20 Cal.3d at pp. 622-623, fn. omitted.)

In *Tribune Newspapers* the issue was whether the amended version of section 676, subdivision (a), as it now appears, allowed for public admission to a section 707 hearing to determine whether the minor is fit to be dealt with under juvenile laws. The court noted the report of the Senate Committee on the Judiciary which stated " '[t]he purpose of this bill is to make minors more fully responsible for their crimes, to make juvenile court judges more accountable to the public, and to increase public understanding of the juvenile court system.' " (*Tribune Newspapers West, Inc.* v. *Superior Court, supra,* 172 Cal.App.3d at p. 448, fn. omitted.) The court concluded, "[t]he legislative intent in amending section 676 to provide additional public access to fitness hearings is both in accord with the traditional openness of judicial proceedings and a response to public concern about the increase in criminal activity among young people." (*Ibid.*) The real issue in *Tribune Newspapers* was to what extent additional public access was qualified by the language used by the Legislature that public admission, including press, should be on the same basis as " 'trials in a court of criminal jurisdiction.' " (*Id.,* at p. 449). The court analyzed rules regarding closure of analogous criminal proceedings and concluded that the public and press could be denied access only if the minor established "a reasonable likelihood of substantial prejudice to the right to receive a fair and impartial trial." (*Id.* at p. 451, italics omitted.)

A proceeding to determine competency to stand trial in a criminal action is open to the public. Following the reasoning of *Tribune Newspapers West, Inc.* v. *Superior Court, supra,* 172 Cal.App.3d 443, we determine that in a proceeding in which the petition alleges one of the serious offenses enumerated in section 676, the public may attend a competency hearing, unless the minor establishes "a reasonable likelihood of substantial prejudice to the right to receive a fair and impartial trial." Petitioner did not raise this issue before the juvenile court, and that court was not called upon to determine whether public access would jeopardize his right to a fair trial.

Petitioner argues that a competency hearing cannot be compared with a section 707 fitness hearing but is more akin to a proceeding pursuant to

section 6550 to determine whether a minor is mentally disordered or retarded and requires commitment. The relevance of this comparison lies in his implied assertion that there is an absolute right to preclude the public from section 6550 proceedings. We are not convinced that section 676 would not provide for public access to a hearing held pursuant to section 6550 et seq. if it arose in the context of a section 602 petition. However, we are not in the present case called upon to make such a determination and therefore decline to do so. In any event the argument is of no avail.

A minor has no absolute right to exclude the public or the press from a competency hearing when the petition alleges one of the serious offenses set forth in section 676, subdivision (a).

The petition for a writ of mandate or prohibition is denied and the temporary stay order is dissolved.

Martin, Acting P. J., and Hamlin, J., concurred.