*In re* W.L., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. W.L., Respondent-Appellant).

Second District   No. 2—97—0064

Opinion filed December 29, 1997.

John S. Young, of Stelk & Young, of Mundelein, and Robin De Mars Goodstein, of Lake Bluff, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

Respondent, W.L., appeals the trial court's order releasing his name and the offenses he committed to an agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF).

Respondent was originally charged with committing 14 counts of criminal damage to property (720 ILCS 5/21—1(1)(a) (West 1996)) and 1 count of arson (720 ILCS 5/20—1(a) (West 1996)). Respondent admitted committing two counts of criminal damage to property, was adjudicated a delinquent minor, made a ward of the court, and placed on two years' probation.

Thereafter, the State filed a petition seeking to release the case number, respondent's name, and the final disposition of the action to an ATF agent. The petition alleged that (1) the agent wanted the information because the charges involved damage to church property and the use of swastikas; (2) sections 1—7 and 1—8 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—7, 1—8 (West 1996)) allow the release of the information if it is to be used for an ongoing investigation; (3) the agent requested the information for statistical purposes; and (4) the information would "be used for investigation purposes, although not for any one specific investigation."

Respondent objected to the release of the information and argued that the Act did not authorize the release of the information for the use cited by the State. Respondent further argued that, if the agent wanted the information for statistical purposes, the court should not release respondent's name but, rather, only the nature of the offenses and the final disposition.

After hearing argument, the trial court granted the State's motion. The trial court denied respondent's motion to reconsider, and respondent filed a timely notice of appeal.

We first address the State's argument that the party seeking to restrict access to court records bears the burden of demonstrating a compelling interest for restricting access. The State further contends that any restriction should be narrowly tailored.

After reviewing the Act, we conclude that the State's argument

is patently incorrect. Even a cursory reading of the Act reveals that law enforcement and court records relating to juveniles are presumed confidential and that those records will not be released unless one of the exceptions noted in the Act is met. See 705 ILCS 405/1—7(A) (West 1996) ("Inspection and copying of law enforcement records *** that relate to a minor *** shall be restricted to the following"); 705 ILCS 405/1—7(C) (West 1996) ("The records of law enforcement officers concerning all minors *** must be maintained separate from the records of arrests and may not be open to public inspection or their contents disclosed to the public"); 705 ILCS 405/1—7(E) (West 1996) ("Law enforcement officers may not disclose the identity of any minor in releasing information to the general public as to the arrest, investigation or disposition of any case involving a minor"); 705 ILCS 405/1—8(A) (West 1996) ("Inspection and copying of juvenile court records relating to a minor who is the subject of a proceeding under this Act shall be restricted to the following"); (705 ILCS 405/1—8(C) (West 1996) ("Except as otherwise provided ***, juvenile court records shall not be made available to the general public")). Consequently, we agree with respondent that the trial court should not have ordered the release of the information unless the State provided sufficient evidence to demonstrate that the release falls within a statutory exception.

On appeal, the State identifies five subsections from two different sections that allegedly justify the release of the information to the ATF. First, the State argues that section 1—7 authorizes the release of respondent's law enforcement records. This section provides, in pertinent part:

"(A) Inspection and copying of law enforcement records *** that relate to a minor *** shall be restricted to the following:

(1) Any local, State or federal law enforcement officers of any jurisdiction or agency when necessary for the discharge of their official duties during the investigation or prosecution of a crime ***.

* * *

(6) Persons engaged in bona fide research, with the permission of the Presiding Judge of the Juvenile Court and the chief executive of the respective law enforcement agency ***." 705 ILCS 405/1—7(A)(1), (A)(6) (West 1996).

In order to determine if the State demonstrated that the release of the information falls within one of these exceptions, we must determine the intent and extent of the exceptions. In so doing, we are guided by the general principle that the legislative intent of a statute is best determined from the plain and ordinary meaning of

the statutory language. *People v. Wittenmyer*, 151 Ill. 2d 175, 195 (1992). Where the language is clear and unambiguous, we must apply it as written. *Wittenmyer*, 151 Ill. 2d at 195.

After reviewing the exceptions relied upon by the State, we have determined that they are clear and unambiguous and that the State has failed to demonstrate that they permit the release of the requested information.

Section 1—7(A)(1) permits the information to be released to a law enforcement officer who is investigating or prosecuting "a crime." The clear language of the statute indicates that it is not sufficient for the officer to be investigating crime in general. Instead, the officer must be investigating a particular crime. Information should not be released under this provision unless the State identifies the crime being investigated or prosecuted and proves that the information is necessary to the investigation or prosecution of that crime. Here, the State admitted in its petition that the information would not be used "for any one specific investigation." Since the State did not identify a crime and, in fact, admitted that the information was not being used to investigate a particular crime, this section cannot support the trial court's decision.

The State next contends that the language of section 1—7(A)(6) indicates a legislative intent to allow the release of the information for *bona fide* research projects. The State further explains that the ATF agent's project is just such a project.

Even if we were to conclude that the ATF agent is conducting a *bona fide* research project, this fact is not dispositive. Although the State curiously omits any reference to the additional qualifiers contained within section 1—7(A)(6), this section requires that, before the information can be released, the research project must be approved by "the Presiding Judge of the Juvenile Court and the chief executive of the respective law enforcement agency." 705 ILCS 405/1—7(A)(6) (West 1996). Here not only did the State ignore this provision on appeal, but it also provided no evidence to the trial court to prove that the permission had been given. Without evidence to demonstrate that the required permission has been received, the release of the respondent's law enforcement records cannot be permitted under this section.

We turn now to the State's argument that section 1—8 permits the release of respondent's juvenile court records. This section provides, in pertinent part:

"(A) Inspection and copying of juvenile court records relating to a minor who is the subject of a proceeding under this Act shall be restricted to the following:

***

(2) Law enforcement officers and law enforcement agencies when such information is essential to executing an arrest or search warrant or other compulsory process, or to conducting an ongoing investigation ***.

* * *

(8) Persons engaged in bona fide research, with the permission of the presiding judge of the juvenile court and the chief executive of the agency that prepared the particular records ***.

* * *

***

(C) Except as otherwise provided in this subsection (C), juvenile court records shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of the court." 705 ILCS 405/1—8(A)(2), (A)(8), (C) (West 1996).

Even if we accept the State's contention that the ATF's statistical use of respondent's information qualifies as "an ongoing investigation," we still cannot conclude that the State met the requirements of section 1—8(A)(2). The statute clearly requires that the information should be released only "when such information is essential *** to conducting an ongoing investigation." 705 ILCS 405/1—8(A)(2) (West 1996). The State focuses its argument on the proper construction of the term "ongoing investigation" and, once again, ignores other, relevant portions of the section. Section 1—8(A)(2) clearly requires the State both to identify an ongoing investigation and prove that the information is essential to that investigation. Here, the State described the alleged "investigation" in only the vaguest terms and completely ignored the "essential" requirement. Without evidence that the information is essential to the ATF agent's alleged investigation, we are unable to conclude that section 1—8(A)(2) provides a basis for the release of respondent's juvenile court records.

As for section 1—8(A)(8), the State presents the same argument that it did with respect to section 1—7(A)(6). Since we have found this argument unavailing with respect to respondent's law enforcement records, we similarly reject it with respect to respondent's juvenile court records.

This leaves us with only section 1—8(C), which allows "properly interested persons" to inspect juvenile court records upon order of the court.

This argument fails because the State never presented it to the trial court. Before the trial court, the State argued only that the information was to be used for investigative and statistical purposes.

Moreover, when the trial court ruled, it stated, "With regard to the motion, I think developing statistics to investigate this kind of crime is an investigative purpose." Clearly the trial court's ruling rested upon the investigation or, even arguably, the research project subsections. Neither the trial court nor the State ever mentioned the "interested person" subsection. Additionally, since the court was never presented with this argument, it did not make the necessary finding that the ATF agent was a properly interested person. Absent a presentation of this argument to the trial court and a corresponding finding that the ATF agent is a properly interested person, this section can provide no basis for the release of the information.

The Juvenile Court Act clearly provides that the law enforcement and court records relating to a juvenile are confidential and are not to be released unless the party seeking the release demonstrates that the release falls within one of the statutorily defined exceptions. Here, the State failed to produce any evidence that the proposed release of information was permitted by the Juvenile Court Act. Consequently, the trial court erred in granting the State's motion.

We add that this decision is based on the particular facts before this court and that it is not intended to preclude the State from bringing other petitions pursuant to sections 1—7 and 1—8 of the Act.

The judgment of the circuit court of Lake County is reversed.

Reversed.

GEIGER, P.J., and THOMAS, J., concur.