717 N.E.2d 468 (1999)
307 Ill. App.3d 175
240 Ill.Dec. 375
In re J.R., a Minor (The People of the State of Illinois, Petitioner, v. J.R., a Minor, Respondent-Appellant, and Diversified Realty Group, Inc., an Illinois corporation, Intervening Petitioner-Appellee).
No. 1-98-3756.
Appellate Court of Illinois, First District, Fourth Division.
August 19, 1999.
*469 Rita A. Fry, Public Defender of Cook County (Lester Finkle, Assistant Public Defender, of counsel), for Appellant.
Knight, Hoppe, Fanning & Knight, Des Plaines (Elizabeth A. Knight & Paul V. Regelbrugge, of counsel), for Appellee.
Justice HOFFMAN delivered the opinion of the court:
The minor respondent, J.R., appeals from an order entered by the trial court authorizing the release of his juvenile court records to Diversified Realty Group, Inc. (Diversified Realty), a defendant in a civil lawsuit that arose out of the same incident that precipitated the juvenile court proceedings. On appeal, the respondent contends that the trial court erred in releasing his juvenile court records to Diversified Realty because it was not entitled to the release of the documents under section 1-8 of the Juvenile Court Act of 1987(Act) (705 ILCS 405/1-8 (West 1996)).
In November 1995, the respondent was adjudicated delinquent for the first degree murder of a five-year-old boy. The incident that led to the victim's death occurred in a vacant apartment at a Chicago public housing complex. Following the delinquency proceedings, the victim's estate filed a civil lawsuit (Case No. 95 L 05893) against the Chicago Housing Authority (CHA); Digby Detective and Security Agency, Inc., which provided security for the complex; and Diversified Realty, which managed the property. In 1998, Diversified Realty filed a petition in juvenile *470 court, seeking the release of the respondent's criminal records and psychological reports, as well as the transcripts from the juvenile court proceedings.
At the hearing on the petition, Diversified Realty withdrew its request for the release of the respondent's psychological reports, but argued that the civil lawsuit was based on the same facts as the juvenile proceeding, and therefore, the juvenile court records were admissible in the civil lawsuit under section 1-10(1)(d) of the Act (705 ILCS 405/1-10(1)(d) (West 1996)). Diversified also offered to obtain a protective order in the civil case prior to receiving the records to insure the confidentiality of the information contained therein.
The respondent argued that section 1-8 of the Act governed the release of juvenile court records and that Diversified Realty was not listed among those persons or entities identified in subsection A as being authorized to inspect and copy his juvenile court records. The State declined to take a position on this matter and did not file a brief on appeal.
At the close of the hearing, the trial court entered an order, stating:
"[Diversified Realty] may receive the records of the above juveniles to include the transcript of proceedings (trial only) * * *. [Diversified Realty] may also have copies of the adjudication orders with names redacted. No other records shall be disclosed. [Diversified Realty] and othe[r] parties shall keep the records and information contained therein confidential and shall not disclose the information or records outside of 95 L 05893. Counsel for [Diversified Realty] will seek a protective order in 95 L 05893 before releasing records to the attorneys of record." (Emphasis added.)
The respondent requested a stay of the order pending the outcome of this appeal, but the trial court denied his request. The respondent has appealed from this order.
Initially, we reject Diversified Realty's contention that this court lacks jurisdiction to consider the merits of the respondent's claim. Under Supreme Court Rule 660(a), "[a]ppeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." 134 Ill.2d R. 660(a). Thus, as asserted by the respondent, the basis for our jurisdiction lies in Rule 603, which provides that all appeals in criminal cases, other than where a United States' or Illinois' statute has been held invalid or where a sentence of death was imposed, shall be taken to the appellate court. 134 Ill.2d R. 603.
Diversified Realty, however, contends that Rule 660(b) rather than 660(a) applies to this case. Rule 660(b) provides that "[i]n all other proceedings under the Juvenile Court Act, appeals from final judgments shall be governed by the rules applicable to civil cases." Diversified Realty argues that when this matter was brought before the trial court, not only had the respondent been adjudicated delinquent, but he had already appealed that determination. Based on these circumstances, Diversified Realty contends that this matter should be considered as an "other proceeding", and therefore, the rules governing civil appeals must be applied. As such, it argues that we do not have jurisdiction over this case because the order entered by the trial court failed to satisfy the requirements of Supreme Court Rule 304 (155 Ill.2d R. 304). However, even if we were to consider the basis for our jurisdiction under the rules governing civil appeals, we would find this argument meritless.
Generally, to confer jurisdiction upon the appellate court in civil cases, the judgment or order appealed from must be final. 134 Ill.2d R. 303; Rice v. Burnley, 230 Ill.App.3d 987, 990, 172 Ill.Dec. 826, 596 N.E.2d 105 (1992). An order is final if it fixes absolutely and finally the rights of the parties and decides the litigation on *471 the merits so that the only thing remaining is execution of the judgment, if affirmed. City of Chicago Heights v. Living Word Outreach Full Gospel Church and Ministries, Inc., 302 Ill.App.3d 564, 567, 236 Ill.Dec. 208, 707 N.E.2d 53 (1998). Under Rule 304(A), if an action involves multiple parties or claims for relief, a final judgment that does not dispose of the entire proceeding can be immediately appealed only if the trial court makes an express written finding that there is no just reason to delay the enforcement or appeal of that order. 155 Ill.2d R. 304(a). Rule 304(b) merely provides five exceptions to the requirement contained in Rule 304(a). 155 Ill.2d R. 304(b). Clearly, no matters remained pending before the trial court at the time of this appeal; and thus, Rule 304 is inapplicable to the case at bar. Consequently, under either Rule 660(a) or 660(b), we have jurisdiction over the respondent's appeal.
Nonetheless, before reaching the merits of the case, we must address two other preliminary matters.
First, we must determine whether this appeal is moot because the respondent's juvenile court records have already been released to Diversified Realty. As a general rule, a court of review will dismiss an appeal where it has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions raised in the trial court no longer exist. People v. D.T., 287 Ill.App.3d 408, 410, 222 Ill.Dec. 714, 678 N.E.2d 326 (1997). One exception to the mootness doctrine allows a court to resolve an otherwise moot issue if it involves a substantial public interest. Bonaguro v. County Officers Electoral Board, 158 Ill.2d 391, 395, 199 Ill.Dec. 659, 634 N.E.2d 712 (1994). The criteria for the application of the public interest exception are: (1) the public nature of the question; (2) the desirability of an authoritative determination for the purpose of guiding public officers, and (3) the likelihood that the question will recur. In re A Minor, 127 Ill.2d 247, 257, 130 Ill.Dec. 225, 537 N.E.2d 292 (1989). A clear showing of each criterion is required to bring a case within the public interest exception. Bonaguro, 158 Ill.2d at 395, 199 Ill.Dec. 659, 634 N.E.2d 712.
The present case clearly satisfies the foregoing requirements. Certainly, issues involving the care, protection, and well-being of minors are of serious public concern. The Act was specifically designed to help protect and rehabilitate delinquent minors. Thus, the release of a minor's juvenile court records is of particular concern. Section 1-8 of the Act, which governs the confidentiality and accessibility of juvenile court records, was enacted in 1988, and we have found no cases which have addressed the issue presently before us. We also note that as more civil complaints based on the criminal conduct of juveniles are filed in the circuit court, the issue will most likely reappear. We, therefore, believe that an authoritative guide is needed to help resolve future controversies over this issue. Under these circumstances, we find that this case involves an issue of substantial public interest, and therefore, should not be dismissed on the basis of mootness.
Finally, before addressing the respondent's contentions, we must also determine the appropriate standard of review to be applied in this case. The respondent urges us to consider his appeal de novo; whereas, Diversified Realty maintains that we should review the case under an abuse of discretion standard. The sole issue on appeal is whether the trial court has the authority to release juvenile court records to a defendant in a civil lawsuit, where the minor is not a party in the civil action, but the action arose from the same incident that gave rise to the juvenile court proceedings. As we stated earlier, section 1-8(A) of the Act governs the inspection and copying of juvenile court records, and therefore, the resolution of this dispute is purely a matter *472 of statutory construction. Because the construction of a statute is a question of law (People v. Robinson, 172 Ill.2d 452, 457, 217 Ill.Dec. 729, 667 N.E.2d 1305 (1996)), we shall review the merits of this cause de novo.
This court's primary objective when construing the meaning of a disputed statute is to ascertain and give effect to the intent of the legislature. People v. Zaremba, 158 Ill.2d 36, 40, 196 Ill.Dec. 632, 630 N.E.2d 797 (1994). The most reliable indicator of legislative intent is the language of the statute itself. People v. Tucker, 167 Ill.2d 431, 435, 212 Ill.Dec. 664, 657 N.E.2d 1009 (1995). The statutory language must be given its plain and ordinary meaning, and where that language is clear and unambiguous, we must apply the statute without further aids of statutory construction. People v. Bole, 155 Ill.2d 188, 197-98, 184 Ill.Dec. 423, 613 N.E.2d 740 (1993).
Court records relating to juveniles are presumed confidential and shall not be copied unless one of the exceptions contained in section 1-8(A) of the Act is applicable. In re W.L., 293 Ill.App.3d 818, 820, 228 Ill.Dec. 403, 689 N.E.2d 275 (1997). Section 1-8(A) provides in pertinent part:
"(A) Inspection and copying of juvenile court records relating to a minor who is the subject of a proceeding under this Act shall be restricted to the following:
(1) The minor who is the subject of record, his parents, guardian and counsel.
(2) Law enforcement officers and law enforcement agencies when such information is essential * * *.
* * *
(3) Judges, hearing officers, prosecutors, probations officers, social workers or other individuals assigned by the court * * *.
(4) Judges, prosecutors and probation officers * * *.
* * *
(5) Adult and Juvenile Prisoner Review Boards.
(6) Authorized military personnel.
(7) Victims, their subrogees and legal representatives * * *.
(8) Person engaged in bona fide research * * *.
(9) The Secretary of State * * *.
(10) The administrator of a bona fide substance abuse student assistance program * * *."
Section 1-8(C), which dictates whether members of the general public are permitted to inspect juvenile court records, provides:
"(C) Except as otherwise provided in this subsection (C), juvenile court records shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of the court. * * *
(1) The court shall allow the general public to have access to the name, address, and offense of a minor who is adjudicated a delinquent minor under this Act under either of the following circumstances:
(A) The adjudication of delinquency was based upon the minor's commission of first degree murder * * *." 705 ILCS 405/1-8(C)(West 1996).
In this case, the respondent contends that the trial court erred in releasing to Diversified Realty the transcripts from his adjudicatory hearing and by allowing it to have copies of his adjudication orders because Diversified Realty did not fall under any of the exceptions enumerated in section 1-8(A) of the Act. The respondent also contends that Diversified Realty made no showing that it was an "other properly interested person", and therefore, under section 1-8(C), it was not even entitled to *473 inspect the records. The respondent further contends that, as a member of the general public, Diversified Realty was only entitled to have access to his name, address, and the offense for which he was found delinquent (705 ILCS 405/1-8(C)(1)(A) (West 1996)).
Based on the plain language of the statute, it is clear that Diversified Realty does not fall under any of the exceptions enumerated in section 1-8(A) of the Act, and it makes no such claim on appeal. Diversified Realty, however, maintains that it was an "other properly interested person", as that term is used in section 1-8(C) of the Act. As such, it argues that it was entitled to both inspect and copy the respondent's juvenile court records. We have found no case law interpreting this section of the statute, but note that in In re K.D., 279 Ill.App.3d 1020, 1023, 216 Ill.Dec. 861, 666 N.E.2d 29 (1996), the court found that a third party involved in a civil proceeding that was based on the same facts as a juvenile proceeding qualified as an interested person under this section of the Act, and therefore, it was entitled to inspect the records. In re K.D., 279 Ill.App.3d at 1023, 216 Ill.Dec. 861, 666 N.E.2d 29. Even if we were to assume that Diversified Realty qualified as an interested party, the trial court still erred in releasing the respondent's juvenile court records.
As argued by the respondent, section 1-8(C) of the Act does not authorize interested parties to copy juvenile court records. It merely allows them to inspect such records by general or special order of the court. See 705 ILCS 405/1-8(C) (West 1996). In this case, the trial court's order allowed Diversified to receive the transcripts from the delinquency proceedings and have copies of the adjudication orders. Also, after obtaining a protective order from the judge presiding over the civil suit, Diversified Realty could release those records to the attorneys of record in the civil case. (Emphasis added.) The only reasonable interpretation of this order is that Diversified Realty was allowed to do more than just inspect the records as permitted by section 1-8(C).
Diversified Realty, however, argues that to limit the right of an interested party to only inspect juvenile court records renders section 1-10(1)(d) of the Act superfluous and meaningless. We find no bases to support such a conclusion.
Section 1-10(1)(d) of the Act, which governs the admissibility of juvenile court records in other proceedings, provides in pertinent part:
"§ 1-10. Admissibility of evidence and adjudications in other proceedings. (1) Evidence and adjudications in proceedings under this Act shall be admissible:
* * *
(d) in civil proceedings concerning causes of action arising out of the incident or incidents which initially gave rise to the proceedings under this Act." 705 ILCS 405/1-10(1)(d) (West 1996).
This section, of course, presupposes the fact that the party seeking to have the evidence admitted had a legal right to obtain that evidence. The questions of who may inspect juvenile court records and who can inspect and copy them raise separate and distinct issues from the question of whether such records may be admitted into evidence in a civil action.
The Legislature specifically used the words "[inspection and copying" in section 1-8(A), but two paragraphs later used only the word "inspected." To suggest that the Legislature meant inspect and copy in section 1-8(C) when it only used the term "inspected" is specious at best. As stated by the Illinois Supreme Court:
"It is axiomatic that where the language of a statute is plain and unambiguous, the only role of the court is in its application. We have no authority either to amend or to annex a statute. [Citation]. Any alteration to the statute, regardless *474 of any perceived benefit or danger, must necessarily be sought from the legislature.
* * * In the absence of a legislative grant, we are powerless to construe the Act as permitting the juvenile court to condition, or otherwise infringe [upon], that authority." In re M.M., 156 Ill.2d 53, 69, 189 Ill.Dec. 1, 619 N.E.2d 702 (1993).
Based on the plain and unambiguous language of the Act, we conclude that the trial court had no authority to release the respondent's juvenile court records to Diversified Realty. In light of this conclusion, we need not determine whether Diversified Realty qualified as an "other properly interested person", such that the court could have permitted Diversified Realty to inspect the respondent's juvenile court records. We only find that the trial court erred by allowing the records to be released and copied.
Accordingly, the judgment of the circuit court is reversed.
Reversed.
WOLFSON and HALL, JJ., concur.