**A.D. BROKAW and C.A. Brokaw, Plaintiffs–Appellants,**

**v.**

**James BROKAW, Weir Brokaw, Karen Weaver, et al., Defendants–Appellees.**

Nos. 03–3161, 03–3165.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 10, 2004.

Decided March 30, 2005.

for withholding of removal." *Vladimirova,* 377 F.3d at 695.

**528**

A.D. Brokaw, Studio City, CA, Marilyn R. Gunther, Kent, WA, for Plaintiff–Appellant.

William P. Rector, Bozeman, Neighbour, Patton & Noe, Moline, IL, Barbara B. Collins, Springfield, IL, Daniel S. Alcorn, John W. Robertson, Stoerzbach Morrison, Galesburg, IL, Diane M. Potts, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, MANION, and WOOD, Circuit Judges.

## ORDER

C.A. and A.D. Brokaw filed separate lawsuits against numerous defendants, alleging the defendants violated their constitutional rights by instigating and/or participating in removing them from their parents' custody in 1983, when they were six and three years old respectively. Following several separate appeals to this court and remands back to the district court, the district court consolidated the cases. The district court then dismissed C.A. and A.D.'s suits after they refused to sign a consent agreement waiving confidentiality of their juvenile records. A.D. and C.A. appeal. We affirm as to C.A. and reverse as to A.D.

## I.

In July 1983, C.A. and A.D. Brokaw were removed from their parents' custody and subsequently adjudicated neglected children in Illinois state court. In February 1997, when he was nineteen, C.A. filed suit against several relatives and state actors who initiated and caused his removal. The district court dismissed his complaint, but this court reversed and remanded on December 19, 2000. *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir.2000). In the meantime, C.A.'s sister, A.D., filed a similar lawsuit in April 2000. The district court dismissed A.D.'s lawsuit on November 9, 2000, and she appealed to this court. On September 13, 2002, this court re-

versed and remanded A.D.'s case. *Brokaw v. Weaver,* 305 F.3d 660 (7th Cir. 2002).

While A.D.'s appeal was pending, defendant Mercer County filed a motion to dismiss C.A.'s case. Attached to that motion were certified copies purporting to be all of the juvenile records pertaining to C.A. and A.D. Copies of those records had also been submitted to this court as part of A.D.'s appeal, but this court refused to consider them. *Brokaw,* 305 F.3d at 668–69 n. 7. At a June, 2001, discovery conference, the court ordered defendant Weaver's attorney to prepare and circulate a consent form and protective order regarding the release of the juvenile court records of C.A. and his sister. Between June 2001 and March 2002, various discussions ensued about the consent form, as well as other issues.

After C.A., who had previously proceeded *pro se,* obtained an attorney, his attorney concluded that C.A. could not consent to the disclosure of the juvenile records because his records were inextricably intertwined with those of A.D., and C.A. could not lawfully sign a consent to release A.D.'s records. C.A.'s attorney informed the defendants of these problems in letters dated March 29, 2002, and April 1, 2002. In response, the defendants on April 19, 2002, filed a motion to dismiss C.A.'s lawsuit based on his refusal to consent to the release of the juvenile records. Those motions were filed only in C.A.'s case, as A.D.'s case was at that time pending in this court.

C.A. responded to the defendants' motion to dismiss, reiterating that he had no objection to releasing his own juvenile records, but that he could not sign a release for A.D.'s juvenile records. He also submitted a proposed order for release of his own juvenile records and requested the court to enter that order. At a status

conference, the magistrate judge decided to stay the motion to dismiss pending the outcome of A.D.'s appeal.

After this court reversed the dismissal of A.D.'s suit on September 13, 2002, defendant Weaver moved to consolidate A.D. and C.A.'s suits. The district court granted the motion to consolidate. A.D. did not receive notice of the motion to consolidate, as she had moved and had not informed the court of her new address. However, on March 3, 2003, at the district court's direction, A.D. filed notice of her new address and telephone number.

In the meantime, the magistrate judge had set a telephonic conference for April 3, 2003, to discuss the consent form for the juvenile records. A.D. did not receive a copy of the notice until the evening after the conference occurred, as the clerk did not send a new notice to her current address until March 27, 2003.

At the April 3, 2003, conference the magistrate judge ordered both A.D. and C.A. to sign, by April 18, 2003, a consent form prepared by defendant Weaver, authorizing release of their juvenile records. Neither party signed the form. Rather, at a hearing on April 21, 2003, A.D. requested information regarding the proceedings that had occurred in C.A.'s case in her absence pertaining to discovery, including proceedings related to the juvenile records. A.D. and C.A. also moved to vacate the order of consolidation.

In response to A.D. and C.A.'s failure to sign the consent forms, on June 4, 2003, the magistrate judge recommended granting defendants' motion to dismiss as a discovery sanction, pursuant to Fed. R.Civ.P. 37(b)(2)(C), and as a sanction for failure to prosecute or comply with court orders, pursuant to Fed.R.Civ.P. 41(b). On June 23, 2003, A.D., *pro se,* filed objections to the report and recommendation,

along with a request for an extension of time to more fully object to the report and recommendation. The district court granted A.D.'s request and gave C.A. and A.D. until July 8, 2003, to file objections. On that date, A.D. filed another objection, while C.A.'s attorney called the district court and asked for an extension, which the court denied. C.A.'s attorney nonetheless mailed objections to the report and recommendation on July 8, 2003; the district court did not receive the objections until July 14, 2003. On July 11, 2003, however, the district court had already adopted the recommendation of the magistrate judge and dismissed C.A. and A.D.'s lawsuits. C.A. and A.D. appeal.

## II.

On appeal, C.A. and A.D. argue that the district court erred in dismissing their case as a sanction under Rules 37(b)(2)(C) and 41(b). Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Rule 37(b)(2)(C) provides that "[i]f a party ... fails to obey an order entered under Rule 26(f),[1] the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." This court reviews the sanction of dismissal under Rules 37(b) and 41(b) for an abuse of discretion. *Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 73 (7th Cir.1990); *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993).

The defendants argue initially that C.A. and A.D. waived their right to challenge the district court's dismissal because they failed to file timely objections to the magistrate judge's report and recommendation. In support of their position, defendants cite Fed.R.Civ.P. 72(b) which provides that any party disagreeing with a magistrate judge's report and recommendation on a dispositive motion must file "specific, written, objections" to the report. Fed.R.Civ.P. 72(b). This rule requires the party "to specify each issue for which review is sought." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir.1999). If a party fails to properly object to a magistrate judge's report and recommendation in the district court, the party waives appellate review of both factual and legal questions. *See id.* at 739.

■ As noted above, the district court set a July 8, 2003, deadline for A.D. and C.A. to file objections to the report and recommendation, but on the due date, C.A.'s attorney had yet to file the objections. Instead, C.A.'s attorney called the court and requested an enlargement of time to file C.A.'s objections and to deem them timely if mailed to the clerk on July 8, 2003. The district court denied the motion. C.A.'s attorney nonetheless mailed C.A.'s objections on July 8, 2003, but they were not received until July 14, 2003, and the district court, which had adopted the magistrate judge's report and recommendation on July 11, 2003, refused to consider C.A.'s untimely objections.

C.A. argues on appeal that the district court abused its discretion in denying his motion for an extension of time. This court reviews a denial of an extension of

---

1. Among other things, Rule 26(f) provides "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the confer-

ence, for attempting in good faith to agree on the proposed discovery plan...." Fed. R.Civ.P. 26(f).

time for an abuse of discretion. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1031 (7th Cir.1998). Although a district court may extend the time period for filing such motions, in this case, the district court had already extended the time period once and had warned C.A.'s attorney that "no further extension of time will be granted." Under these circumstances, we conclude that the district court did not abuse its discretion in denying C.A.'s motion for another extension. By failing to timely object to the magistrate judge's report and recommendation, C.A. has waived appellate review. *Johnson*, 170 F.3d at 739.

■ Although C.A. failed to timely file objections to the magistrate judge's report and recommendation, on June 23, 2003, A.D. had filed a response and objections, claiming that the report and recommendation "contains a number of false and/or misleading statements about [her], and further, omits a number of significant facts, which, if known, would tell a very different story about the events in question." Then after the court extended the deadline until July 8, 2003, A.D. filed another objection, adding that the defendants had violated her federally and state protected rights by disseminating and filing some of the juvenile court records in her prior appeal to this court.

The defendants argue that these general objections are insufficient under Rule 72(b) and therefore A.D. has waived appellate review. However, as this court explained in *Johnson*, "[o]ur interpretation of specific as used in Rule 72(b) understands the term to require a party only to specify each issue for which review is sought and not the factual or legal basis for the objection." *Johnson*, 170 F.3d at 741. Rule 72(b) also does not require a party to cite legal authority in objecting to the magistrate judge's report or recommendation. *See id.*

In this case, the magistrate judge's report and recommendation (as it related to A.D.) focused solely on the facts surrounding her refusal to waive the confidentiality of her juvenile records. A.D. filed an objection, claiming it contained false and misleading statements and omitted a significant number of facts, and that dismissal was inappropriate because the defendants had violated her rights by disseminating her juvenile records. Given that A.D. was proceeding *pro se*, and that the report and recommendation, as it applied to A.D., was limited to one main issue, we conclude that A.D.'s objection was sufficient under Rule 72(b) to preserve her challenge on appeal. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998) (noting that *pro se* party's filing should be given liberal construction, and "[t]he essence of liberal construction is to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable").

■ We therefore consider A.D.'s argument that the district court erred in dismissing her complaint as a sanction under Rules 37(b) and 41(b). The district court believed a sanction appropriate because A.D. refused to consent to the release of her juvenile records. Under Illinois law, juvenile records are protected and "shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of the court." 705 ILCS 405/1-8(c). The defendants are clearly "other properly interested persons." *In re K.D.*, 279 Ill.App.3d 1020, 216 Ill.Dec. 861, 666 N.E.2d 29, 31-32 (1996) (concluding that a third party involved in a civil proceeding based on the same facts as the juvenile case qualified as an interested

party under section 405/1–8(c) of the Act and was therefore entitled to inspect the records). Thus, the district court could have made A.D.'s juvenile records available to the defendants for inspection without her consent. Moreover, under Illinois law, A.D.'s juvenile records were admissible at trial. 705 ILCS 405/5–150(1)(d) ("Evidence and adjudications in proceedings under this [Juvenile Court] Act shall be admissible: in civil proceedings concerning causes of action arising out of the incident or incidents which initially gave rise to the proceedings under this Act.").

Although the defendants could have inspected A.D.'s juvenile records without A.D.'s consent by obtaining a court order, and they could have used those records at any future trial, the district court sanctioned A.D. with dismissal because she refused to consent to a release of her records by signing the consent form prepared by defendant Weaver. The consent would allow the defendants to copy and distribute the records, as opposed to merely inspecting the records and using them at trial. Yet it is unclear whether a broader release of the records was necessary for the defendants to conduct discovery in A.D.'s case, since they would have access to the records without A.D.'s consent under Illinois law. *See In re K.D.*, 216 Ill.Dec. 861, 666 N.E.2d at 31–32; *In re J.R.*, 307 Ill.App.3d 175, 240 Ill.Dec. 375, 717 N.E.2d 468, 473 (1999) (holding that the Juvenile Act "does not authorize interested parties to copy juvenile court records. It merely allows them to inspect such records by general or special order of the court."). In fact, the defendants not only had legal access to the records, but they also had copies of the records because the attorney for the county accessed and released C.A. and A.D.'s records to all of the defendants without C.A. and A.D.'s permission and without a court order, in apparent violation of Illinois law. 705 ILCS 405/1–8(c)

Also of significance is the fact that when the district court had originally held that the defendants were entitled to have full access to C.A.'s juvenile records, A.D.'s case was pending before this court and had not yet been consolidated with C.A.'s case. A.D. therefore could not object to that original ruling, nor appeal it. In justifying the dismissal of C.A.'s case, the magistrate judge noted his failure to appeal from the district court's June 2001, ruling that defendants were entitled to have full access to the records. However, because A.D. was not a party to that ruling, she could not appeal it. Nonetheless, once her case was remanded, the district court treated her as if she had been a party to that original ruling and sanctioned her with dismissal when she refused to agree to allow the release and copying of her records.

Moreover, because she was not a party to the case at the time of the earlier ruling, she was not aware of the various positions taken by the parties, or the rationale underlying the district court's original ruling in C.A.'s case. In fact, that is one of A.D.'s complaints—that she was not privy to the proceedings involving the juvenile records and therefore could not consent without knowing all of the issues involved. The magistrate judge, however, having lost patience with C.A. and the protracted nature of the proceedings involving the juvenile records, held A.D. to the same standard: Consent now or your case will be dismissed. Given that A.D. did not know the scope of the earlier proceedings and was justifiably concerned about consenting to a release of her confidential records to the other defendants since they had already apparently violated Illinois state law in obtaining and disseminating those records, A.D.'s refusal to consent at that stage is understandable. The district court failed to consider these facts and

whether the access to the records allowed under Illinois law was sufficient to allow the defendants to conduct discovery and defend the case. Instead, the district court resorted to the draconian remedy of dismissal. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir.2000) (noting that the sanction of dismissal should be limited to situations where the noncomplying party acted willfully or in bad faith); *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir.1992) (concluding that the sanction of dismissal is appropriate where a pattern of noncompliance with discovery orders emerges). Under the limited circumstances of this case, we conclude the district court abused its discretion in dismissing A.D.'s case. *See Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 376 (7th Cir.1989) (holding district court abused its discretion in dismissing Secretary of Labor's complaint against union as a discovery sanction for the Secretary's refusal to disclose names of individuals who gave statements to the Secretary's investigators, as that information was protected by the informer's privilege); *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir.2003) (holding that district court abused its discretion in dismissing the plaintiff's complaint as a discovery sanction).

Before closing, we note that although C.A. has waived any appellate challenge to the district court's ruling, were we to consider his claims, the outcome would be the same because C.A., unlike A.D., had been privy to the entire proceedings relating to the release of his juvenile records and had a history of missing deadlines.[2] The magistrate judge laid out the numerous problems and the district court did not abuse its discretion in concluding that dismissal for failure to prosecute and for various discovery delays justified dismissal. Conversely, during most of the time that C.A.'s suit was pending before the district court on remand, A.D.'s case was pending before this court. She cannot be held responsible for the discovery delays and missed deadlines plaguing C.A. However, if on remand similar conduct occurs, the district court would then have it within its discretion to dismiss her claims as well.

### III.

Because C.A. failed to file timely objections to the magistrate judge's report and recommendation, he waived appellate review of the district court's dismissal of his action. In any event, the district court did not abuse its discretion in dismissing his claims given the numerous delays and missed deadlines that occurred in his case. Conversely, A.D.'s case was pending before this court while discovery in C.A.'s case lingered below. She cannot be held responsible for any delays or missteps in C.A.'s case. Dismissal was also an inappropriate sanction of this *pro se* case where the district court required A.D. to waive the confidentiality of her juvenile records, without considering that Illinois law allowed for the inspection of the records and the defendants had already accessed the records without her permission. For these and the foregoing reasons, we AFFIRM the dismissal of C.A.'s suit and REVERSE and REMAND as to A.D.'s claims.

---

2. C.A. also argued that the district court erred in consolidating his case with A.D.'s. This argument is entirely without merit, as consolidation was eminently reasonable given the virtually identical nature of the cases. In fact, this court suggested consolidation in A.D.'s appeal. *Brokaw*, 305 F.3d at 671.