**Danny Lewis CANION, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–517.**

Court of Criminal Appeals of Oklahoma.

May 11, 1983.

Robert A. Ravitz, First Asst. Public Defender, Okl. County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William H. Luker, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

Danny Lewis Canion, the appellant, was 17 years old when he allegedly committed the offenses of rape in the second degree and oral sodomy. He was tried as an adult on both charges, pursuant to 10 O.S.1979 Supp., § 1104.2, after the District Court of Oklahoma County denied his Motion to Certify as a Child. A jury found the appellant guilty in Case No. CRF–80–4049, and fixed punishment at one year imprisonment for oral sodomy and two years imprisonment for second degree rape.

The appellant submits only one assignment of error for review. He contends that the trial court was without jurisdiction to hear the oral sodomy charge because oral sodomy is not an enumerated felony under the Reverse Certification Law, 10 O.S.1979, Supp., § 1104.2. That law was enacted in

1978 to permit the State to prosecute sixteen and seventeen year olds charged with certain enumerated felonies as adults. This Court upheld the constitutionality of that statute in *State ex rel. Coats v. Rakestraw*, 610 P.2d 256 (Okl.Cr.1980). One of the offenses for which persons of that age group may be tried as adults is nonconsensual sodomy. Sodomy is prohibited conduct under 21 O.S.1981, § 886, crime against nature. *Berryman v. State*, 283 P.2d 558 (Okl. Cr.1955). The appellant seeks to have this Court hold that the district court did not have jurisdiction over him for the reason that he was charged under Section 1104.2 with oral sodomy rather than nonconsensual sodomy. This Court declines to engage in the semantics game urged by the appellant.

The appellant and the State stipulated to a statement of facts in lieu of providing this Court with the transcript. Briefly stated, the appellant, who was carrying a gun and using it to intimidate the prosecutrix, forced her to enter his car and engage in oral sodomy and sexual intercourse. At trial he testified that she consented to both the sodomy and the intercourse. The jury, after being instructed that force was an element of both rape and sodomy, returned a guilty verdict on both counts, reflecting a determination that the acts were nonconsensual.

The prohibited act under Section 1104.2 is sodomy, which will be punished if committed without the consent of the other participant. The appellant was found guilty of nonconsensual sodomy. The fact that the information particularly described the type of sodomy committed as oral in no way acted to remove the crime from within Section 1104.2. The appellant's argument that he could not be tried as an adult for oral sodomy under that section is unpersuasive. Thus, the judgment and sentence is affirmed.

BUSSEY, P.J., and CORNISH, J., concur.