2001 OK 48

WORLD PUBLISHING COMPANY, an Oklahoma corporation, Petitioner,

v.

The Honorable April Sellers WHITE, Judge of the District Court of Creek County, 24th Judicial District, Respondent,

and

Robert Wayne Rotramel, an Individual, Real Party in Interest.

No. 95,518.

Supreme Court of Oklahoma.

June 12, 2001.

As Corrected Oct. 4, 2001.

J Schaad Titus, Tulsa, OK, for Petitioner, World Publishing Company.

E. Clyde Kirk, Assistant Attorney General, Brandon D. Watkins, Assistant Attorney General, Oklahoma City, OK, for Respondent, Honorable April Sellers White.

Richard D. Olderbak, Assistant Attorney General, Oklahoma City, OK, for Respondent, Office of Juvenile Affairs.

Perry W. Hudson, Sapulpa, OK, Craig Sutter, Norman, OK, for Real Party in Interest, Robert Wayne Rotramel.

KAUGER, J.:

■ ¶ 1 Two issues[1] are presented in the original action: 1) whether the juvenile court and law enforcement records[2] of individuals charged with the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1[3] are open records pursuant to 10 O.S. Supp.1999

1. Because we determine that World Publishing is entitled to the requested records under 10 O.S. Supp.1999 § 7307–1.2(C)(2), see note 4, infra, we need not address its constitutionally based arguments for access. However, the First Amendment does not guarantee a presumption of openness and access to juvenile proceedings and the records generated pursuant thereto. *United States v. Three Juveniles*, 862 F.Supp. 651, 656, *aff'd*, 61 F.3d 86 (1st Cir.1995), *cert. denied*, 517 U.S. 1166, 116 S.Ct. 1564, 134 L.Ed.2d 664 (1996). Nevertheless, an across-the-board ban on access to juvenile proceedings poses a substantial constitutional issue. See, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 2620–21, 73 L.Ed.2d 248 (1982) [Closure to media cannot be justified on basis of state's interest in protecting minor victims of sex crimes or attempts to encourage victims to come forward to testify in such proceedings.]; *United States v. A.D.*, 28 F.3d 1353, 1358 (3rd Cir.1994). Further, this cause does not present an issue of prior restraint. See, *Oklahoma Publishing Co. v. District Court in & for Oklahoma County*, 430 U.S. 308, 97 S.Ct. 1045, 1047, 51 L.Ed.2d 355 (1977) [Once name and picture of juvenile were obtained through press's attendance at court proceeding, any prior restraint on the press prohibiting publication of name and picture of juvenile found unconstitutional.]; *George W. Prescott Publishing Co. v. Stoughton Div. of the District Court Dept. of the Trial Court*, 428 Mass. 309, 701 N.E.2d 307, 309 (1998) [Once press attended adult hearings concerning provision of alcohol to minors, barring press from related juvenile proceedings constituted unconstitutional prior restraint.].

2. Title 10 O.S. Supp.1996 § 7307–1.1(B) provides in pertinent part:

"... As used in the Oklahoma Juvenile Code: ... 2. 'Juvenile court record' means legal and social records other than adoption records, including but not limited to agency, law enforcement and district attorney's records, filed with the court that are related to a child who is the subject of a court proceeding pursuant to the Oklahoma Juvenile Code ... 5. 'Law enforcement records' means any contact, incident or similar reports, arrest records, disposition records, detention records, fingerprints, or photographs related to a child and shall include but not be limited to reports of investigations or inquiries conducted by a law enforcement agency to determine whether a child is or may be subject to the provisions of this chapter as a delinquent child or a child in need of supervision. Law enforcement records pertaining to juveniles shall be maintained separately from records pertaining to adults ...''

3. Title 10 O.S. Supp.1997 § 7306–1.1 provides in pertinent part:

"A. Any person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping, robbery with a dangerous weapon, robbery in the first degree if personal injury results, rape in the first degree, rape by instrumentation, use of a firearm or other offensive weapon while committing a felony, arson in the first degree, burglary with explosives, burglary in the first or second degree after three or more adjudications for committing either burglary in the first degree or burglary in the second degree, shooting with intent to kill, discharging a firearm, crossbow or other weapon from a vehicle pursuant to subsection B of Section 652 of Title 21 of the Oklahoma Statutes, intimidating a witness, manslaughter in the first degree, sodomy, trafficking in illegal drugs, manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense a controlled dangerous substance, or assault and battery with a deadly weapon, shall be considered as an adult. B. Any person thirteen (13), fourteen (14), fifteen (15), sixteen (16), or seventeen (17) years of age who is charged with murder in the first degree shall be considered as an adult....''

§ 7307–1.2(C)(2);[4] and 2) whether, under the facts presented—an adult charged with the murder, rape and sexual molestation of two minor females, the refusal to release Rotramel's juvenile court and law enforcement records was an unauthorized use of judicial power. We determine that the records should be released, assume jurisdiction and grant the writ.[5]

## FACTS

¶2 On August 23, 2000, the adult real party in interest, Robert Wayne Rotramel (Rotramel/adult), was charged with multiple crimes including first degree murder, kidnapping, lewd molestation, rape and forcible sod-

omy. The charges arose from an incident in which Rotramel allegedly kidnapped seven and twelve year old girls, forced them into an abandoned home, strangled the seven year old to keep her quiet and raped and sodomized the twelve year old.

¶3 In an attempt to gain access to Rotramel's juvenile records, the petitioner, World Publishing Company (World Publishing/newspaper), filed a motion to intervene in the criminal cause. The request was dismissed[6] based on a finding that the correct procedure would be to file a petition for the inspection of the records in the juvenile court pursuant to 10 O.S. Supp.1999 § 7307–1.2(F) through (H).[7] Upon being advised that a

---

**4.** Title 10 O.S. Supp.1999 § 7307–1.2 provides in pertinent part:

"A. Except as provided by this section or as otherwise specifically provided by state or federal laws, the following juvenile records are confidential and shall not be open to the general public, inspected, or their contents disclosed:

1. Juvenile court records;
2. Agency records;
3. District attorney's records;
4. Law enforcement records;
5. Nondirectory education records; and
6. Social records....

C. The confidentiality requirements of subsection A of this section for juvenile court records and law enforcement records shall not apply: ... 2. Upon the charging of an individual pursuant to Section 7306–1.1 of this title ..."

World Publishing asserts that other provisions of the statute also support release of Rotramel's records. Because we have determined that the records should be released pursuant to subsection (C)(2) of the statute, we need not determine issues relating to other provisions of the statute.

**5.** The respondent judge, Juvenile Affairs and Rotramel contend that a writ of mandamus is inappropriate because World Publishing could obtain relief through the ordinary appeals process. However, if mandamus is otherwise proper, the fact that error might be corrected by an appeal does not defeat the right to mandamus. *Smith v. Board of County Comm'rs of Oklahoma County*, 1949 OK 144, ¶34, 201 Okla. 652, 208 P.2d 177. Cases involving the public interest have been subject to the extra-ordinary relief proffered by writs of mandamus or prohibition. See, *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶6, 958 P.2d 128; *Keltch v. Alfalfa County Election Bd.*, 1987 OK 8, ¶1, 737 P.2d 908; *Garner v. City of Tulsa*, 1982 OK 104, ¶30, 651 P.2d 1325; *Carpet City, Inc. v. Stillwater Municipal Hosp. Auth.*, 1975 OK 75, ¶28, 536 P.2d 335. There can be little doubt that the

criminal activity of adults and juveniles alike is of high public interest. See, discussion, pp. 847–848, infra. Nevertheless, this Court will assume original jurisdiction in any action in mandamus where the petition shows a clear right to relief if the writ is to be directed to an inferior court. *State ex rel. Williamson v. State Election Bd.*, 1943 OK 91, ¶6, 192 Okla. 275, 135 P.2d 982.

**6.** World Publishing filed an application to assume original jurisdiction and a petition for writ of mandamus in *World Publishing Co. v. Honorable Russell C. Miller*, 2001 OK 49, 32 P.3d 829, also decided today. In *Miller*, we held that the provisions of 10 O.S. Supp.1999 § 7307–1.2(F) through (H) mandate judicial approval prior to the release of records exempted from the general confidentiality requirements by subsection 7307–1.2(C) of the statute.

**7.** Title 10 O.S. Supp.1999 § 7307–1.2(F) through (H) provides:

"F. Except as otherwise required by state or federal law, the confidential records listed in subsection A of this section may only be inspected, released, disclosed, corrected or expunged pursuant to an order of the court. Except as otherwise provided in Section 601.6 of this title or any provision of this chapter, no subpoena or subpoena duces tecum purporting to compel disclosure of confidential information or any confidential juvenile record shall be valid.

G. An order of the court authorizing the inspection, release, disclosure, correction or expungement of confidential records shall be entered by the court only after a review of the records by the court and a determination by the court, with due regard for the confidentiality of the records and the privacy of persons identified in the records, that a compelling reason exists and such inspection, release or disclosure is necessary for the protection of a legitimate public or private interest.

similar request for the same records was pending with the respondent, Honorable April Sellers White (respondent judge), World Publishing intervened seeking the release of Rotramel's juvenile court and law enforcement records on First Amendment grounds and pursuant to the Oklahoma Open Records Act, 51 O.S. Supp.1997 § 24A.1 *et seq.* and 10 O.S. Supp.1999 § 7307–1.2(C).

¶ 4 After conducting a hearing on October 6, 2000, the respondent judge issued an order in which she recognized that compelling reasons existed for the release and disclosure of a portion of the requested information. Although a redacted adjudication journal entry and disposition journal entry were released, other court records were withheld. Further, the respondent judge ordered that Rotramel's law enforcement records be delivered to her for review. Although the order indicates that these records would be released if a compelling reason for disclosure was revealed after inspection and redaction, World Publishing has not been supplied with any of the adult's law enforcement records compiled before his eighteenth birthday.

> Except for district attorney records, any court order authorizing the disclosure, release or inspection of a confidential juvenile record may be conditioned on such terms and restrictions as the court deems necessary and appropriate.
> H.  Upon the filing of a petition for inspection, release, disclosure, or correction of a juvenile record, the court shall set a date for a hearing and shall provide a thirty-day notice to all interested parties, the person who is the subject of the record if the person is eighteen (18) years of age or older, or to the parents of a child if the child is less than eighteen (18) years of age, and to the attorneys of record, if any.  The hearing may be closed at the discretion of the court."

8.  Rotramel makes two novel arguments not adopted by either the respondent judge or Juvenile Affairs.  The first is that because § 7307–1.2, see note 4, supra, is a part of title 10 of the Oklahoma Statutes relating to "children" and is contained in the Oklahoma Juvenile Code (Juvenile Code), 10 O.S. Supp.1995 § 7301–1.1 *et seq.,* the statute must be inapplicable to any person over the age of eighteen.  The second is that the only records which may be opened under 10 O.S. Supp.1999 § 7307–1.2(C), see note 4, supra, are the records pertaining to current charges.

Title 10 O.S. Supp.1995 § 7301–1.1(C) provides:

¶ 5 World Publishing filed an application to assume original jurisdiction and a petition for writ of mandamus on November 17, 2000. Rotramel responded on December 11, 2000. Responses were filed by the office of the Attorney General on behalf of the respondent, Office of Juvenile Affairs (Juvenile Affairs) and the respondent judge on December 11 and December 18, 2000, respectively.

## I.

¶ 6 **THE JUVENILE COURT AND LAW ENFORCEMENT RECORDS OF INDIVIDUALS CHARGED WITH THE CRIMES ENUMERATED IN 10 O.S. SUPP.1997 § 7306–1.1 ARE OPEN RECORDS PURSUANT TO 10 O.S. SUPP.1999 § 7307–1.2(C)(2).**

¶ 7 World Publishing asserts that once the adult was charged with one of the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1, the confidentiality requirements relating to his juvenile and law enforcement records were removed pursuant to 10 O.S. Supp.1999 § 7307–1.2(C)(2).  The respondent judge, Rotramel [8] and Juvenile Affairs argue

> "Chapter, article and part captions are part of the Oklahoma Juvenile Code, but shall not be deemed to govern, limit or in any manner affect the scope, meaning or intent of the provisions of any article or part of this Code."
> The Legislature clearly intended that the chapters, articles and part captions of the Juvenile Code should be considered a part of the statutory scheme.  Nevertheless, the same statutory language specifically provides that the heading demarcations shall not alter the scope, meaning or intent of the legislative provisions.  10 O.S. Supp.1995 § 7301–1.1, supra.  [The use of "shall" generally signifies a legislative command. *United States through Farmers Home Admin. v. Hobbs,* 1996 OK 77, ¶ 7, 921 P.2d 338; *State ex rel. Macy v. Freeman,* 1991 OK 59, ¶ 8, 814 P.2d 147; *Forest Oil Corp. v. Corp. Comm'n,* 1990 OK 58, ¶ 26, 807 P.2d 774.  Nevertheless, the term can be permissive. *Minie v. Hudson,* 1997 OK 26, ¶ 7, 934 P.2d 1082; *Texaco, Inc. v. City of Oklahoma City,* 1980 OK 169, ¶ 9, 619 P.2d 869.]  The mandatory language coupled with other provisions which clearly apply to adults rather than to children or juveniles defeats the assertion that inclusion of a section within the Juvenile Code requires that it *ipso facto* must be inapplicable to an adult.  See, 10 O.S. Supp.1996 §§ 7307–1.7 and 7307–1.8 referring to the sealing, unsealing and expungement of juvenile records.  Both statutes specifically refer to actions by a juvenile, turned adult, which may affect the individual's rights concerning the status of the confidentiality

that 10 O.S. Supp.1999 § 7307–1.2(C)(2) is inapplicable on two grounds: 1) Rotramel was not "charged pursuant to 10 O.S. Supp. 1997 § 7306–1.1"; and 2) 10 O.S. Supp.1999 § 7307–1.2(C)(2) should not be applied retroactively.

### a. The current statutory scheme.

¶ 8 The exception to confidentiality applicable here—10 O.S. Supp.1999 § 7307–1.2(C)(2)—provides:

> "The confidentiality requirements of subsection A of this section for juvenile court and law enforcement records shall not apply:
>
> Upon the charging of an individual pursuant to Section 7306–1.1 of this title."

Title 10 O.S. Supp.1997 § 7306–1.1 provides that individuals between the ages of thirteen and seventeen who commit a list of particularly egregious crimes shall be considered as adults.[9]

¶ 9 It is uncontested that Rotramel was charged with one or more of the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1. Nevertheless, the respondents and Rotramel all contend that subsection (C)(2) should be read literally. Under their interpretation, confidentiality restrictions are removed under 10 O.S. Supp.1999 § 7307–1.2(C)(2) only when charges are actually brought under § 7306–1.1, i.e. when a juvenile between the ages of thirteen and seventeen is "charged" under the statute. World Publishing asserts that the Legislature intended its reference to § 7306–1.1 in 10 O.S. Supp.1999 § 7307–1.2(C)(2) to merely provide a list of those serious crimes justifying the lifting of the confidentiality requirements for juvenile court and law enforcement records. We agree.

¶ 10 Legislative intent[10] controls statutory interpretation.[11] Intent is ascertained from the whole act in light of its general purpose and objective[12] considering

of juvenile proceedings. Further, the location of a statute within a particular statutory scheme will not affect its force or validity. *Green v. Green*, 1957 OK 70, ¶ 12, 309 P.2d 276. See also, *Yox v. Durgan*, 302 F.Supp. 1262–63 (E.D.Tenn.1969); *In re Termination of Parental Rights of Biological Parents of Baby Boy W.*, 1999 OK 74, ¶ 1, 988 P.2d 1270 [Opala, J., concurring in judgment.]; *McNeill v. City of Tulsa*, 1998 OK 2, ¶ 7, 953 P.2d 329; *Johnson v. Tony's Town Mister Quik*, 1996 OK 138, ¶ 5, 915 P.2d 355; *Harber v. Shaffer*, 1988 OK 45, ¶ 9, 755 P.2d 640; *Church v. Church*, 1982 OK 147, ¶ 4, 657 P.2d 151; *McCracken v. City of Lawton*, 1982 OK 63, ¶ 6, 648 P.2d 18; *WRG Const. Co. v. Hoebel*, 1979 OK 125, ¶ 7, 600 P.2d 334; *Bingham v. Bingham*, 1961 OK 263, ¶ 6, 366 P.2d 396; *Hughes v. State*, 1994 OK CR 3, ¶ 4, 868 P.2d 730 [Lumpkin, J., concurring in part and dissenting in part.]; *Olinghouse v. Olinghouse*, 1995 OK CIV APP 104, ¶ 11, 908 P.2d 280; *Santill v. Rossetti*, 178 N.E.2d 633, 639 (Ohio Com.Pl.1961); 12 Okla. Op.Atty.Gen. 261, The Honorable Homer Rieger (1980); Essay: What Price Paternity, 53 Okla. L.Rev. 77, 84 (2000).
The language of 10 O.S. Supp.1999 § 7307–1.2(C), see note 4, supra, clearly encompasses the opening of juvenile records other than those relating only to the current charges. Subsection (C) specifically provides that confidentiality requirements will not apply to juvenile court records and law enforcement records. It does not, as Rotramel asserts, provide that only certain of the delineated records will be open records. Further, at least one of the conditions allowing for the opening of juvenile records specifically relates to the opening of juvenile records in a

*subsequent* delinquency matter. Title 10 O.S. Supp.1999 § 7307–1.2(C)(4) provides:
"The confidentiality requirements of subsection A of this section for juvenile court records and law enforcement records shall not apply:
4. To the juvenile who is fourteen (14) years of age or older and who has been adjudicated delinquent and who subsequently comes before the juvenile court on a new delinquency matter after July 1, 1995[.]"
Further, there are some charges which the Legislature has deemed are such that they should never be kept confidential. [Motor vehicle and traffic violations relating to either self-propelled or nonself-propelled vehicles, 10 O.S. Supp.1999 § 7307–1.2(C)(3) and violations of the Prevention of Youth Access to Tobacco Act, 37 O.S. Supp 1994 § 600.1 *et seq.*, 10 O.S. Supp.1999 § 7307–1.2(C)(7).]

9. Title 10 O.S. Supp.1997 § 7306–1.1, see note 3, supra.

10. *Nealis v. Baird*, 1999 OK 98, ¶ 35, 996 P.2d 438; *Cooper v. State ex rel. Dept. of Public Safety*, 1996 OK 49, ¶ 10, 917 P.2d 466.

11. *Smicklas v. Spitz*, 1992 OK 145, ¶ 8, 846 P.2d 362; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693; *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449.

12. *McSorley v. Hertz Corp.*, 1994 OK 120, ¶ 6, 885 P.2d 1343; *Oglesby v. Liberty Mut. Ins. Co.*, 1992 OK 61, ¶ 8, 832 P.2d 834; *Smicklas v. Spitz*, see note 11, supra.

relevant provisions together to give full force and effect to each.[13] The Court presumes that the Legislature expressed its intent and that it intended what it expressed.[14] Statutes are interpreted to attain that purpose and end [15] championing the broad public policy purposes underlying them.[16] Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.[17] However, where the statutory language is ambiguous or uncertain, a construction is applied to avoid absurdities [18] remembering that the Legislature is not deemed to have created an absurdity or done a vain and useless act.[19] Where inept or incorrect language has been utilized, the words are applied consistent with the real or obvious purpose of the legislative enactment.[20]

■ ¶ 11 Subsection 7307–1.2(C)(2) provides that once an "individual" is "charged" pursuant to [21] 10 O.S. Supp.1997 § 7306–1.1, the juvenile court and law enforcement records of the "individual" are no longer confidential. This is the only exception to confidentiality within subsection (C) referring to an "individual" rather than to a "juvenile." The respondent judge, Office of Juvenile Affairs and Rotramel argue that the subsection is inapplicable here because it relates only to "juveniles" "charged" pursuant to the provisions of § 7306–1.1.

■ ¶ 12 The argument is unconvincing in two respects. First, "juvenile" is a defined term within the Juvenile Code.[22] A "juvenile" is any person under eighteen **except for persons charged with the crimes specified in 10 O.S. Supp.1997 § 7306–1.1.**[23] Pursuant to the statutory definition of "juvenile", no person charged with any of the acts listed in § 7306–1.1 is a "juvenile" for purposes of the Juvenile Code. The statutory exception to confidentiality in subsection 7307–1.2(C)(2) refers to "individuals" rather than to "juveniles". If we were to ignore the difference in the language utilized and to

**13.** *Haney v. State*, 1993 OK 41, ¶ 5, 850 P.2d 1087; *Public Serv. Co. of Oklahoma v. State ex rel. Corp. Comm'n*, 1992 OK 153, ¶ 8, 842 P.2d 750.

**14.** *Minie v. Hudson*, see note 8, supra; *Fuller v. Odom*, see note 11, supra; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132.

**15.** *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, ¶ 5, 901 P.2d 800, *cert. denied*, 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523 (1995); *Wilson v. State of Oklahoma ex rel. Oklahoma Tax Comm'n*, 1979 OK 62, ¶ 5, 594 P.2d 1210; *Affiliated Mgt. Corp. v. Oklahoma Tax Comm'n*, 1977 OK 183, 570 P.2d 335.

**16.** *Haggard v. Haggard*, 1998 OK 124, ¶ 1, 975 P.2d 439; *Price v. Southwestern Bell Tel. Co.*, 1991 OK 50, ¶ 7, 812 P.2d 1355.

**17.** *State ex rel. Dept. of Human Serv. v. Colclazier*, 1997 OK 134, ¶ 9, 950 P.2d 824; *Matter of Estate of Flowers*, 1993 OK 19, ¶ 11, 848 P.2d 1146.

**18.** *In re Holt*, 1997 OK 12, ¶ 25, 932 P.2d 1130; *Cox v. Dawson*, 1996 OK 11, ¶ 5, 911 P.2d 272; *TXO Production Corp. v. Oklahoma Corp. Comm'n*, 1992 OK 39, ¶ 7, 829 P.2d 964.

**19.** *Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, ¶ 18, 991 P.2d 1006; *Bryant v. Commissioner of the Dept. of Public Safety*, 1996 OK 134, ¶ 11, 937 P.2d 496.

**20.** *TRW/Reda Pump v. Dean*, 1992 OK 31, ¶ 5, 829 P.2d 15; *Wooten v. Hall*, 1968 OK 90, ¶ 8, 442 P.2d 334; *Board of Education of City of Okmulgee v. State Bd. of Education*, 1948 OK 201, ¶ 13, 200 P.2d 394.

**21.** The term "pursuant to" is a prepositional phrase defined as: in the course of carrying out; in conformance to or in agreement with; or according to a standard. *State ex rel. Polar Ware Co. v. Muuss*, 18 Wis.2d 521, 118 N.W.2d 853, 856 (1963).

**22.** The Legislature may always exercise the prerogative to define words or phrases appearing in legislative enactments and where a statute contains a definition, that definition is binding on the courts. *City of Tulsa v. State of Oklahoma, ex rel. Public Employees Relations Bd.*, 1998 OK 92, ¶ 14, 967 P.2d 1214; *Oliver v. City of Tulsa*, 1982 OK 121, ¶ 18, 654 P.2d 607.

**23.** Title 10 O.S. Supp.1997 § 7301–1.3 provides in pertinent part:

"When used in the Oklahoma Juvenile Code, unless the context otherwise requires:
... 4. 'Child' or 'juvenile' means any person under eighteen (18) years of age, except for any person sixteen (16) or seventeen (17) years of age who is charged with any crime specified in subsection A of Section 7306–1.1 of this title, or any person thirteen (13), fourteen (14) or fifteen (15) years of age who is charged with murder in the first degree pursuant to subsection B of Section 7306–1.1 of this title ..."

adopt the construction urged, the exception would be a nullity. It would not be applicable to persons charged with committing the serious crimes enumerated in 10 O.S. Supp. 1997 § 7306–1.1 because the individuals are not "juveniles" within the meaning of the statutory definition. It would not apply to Rotramel because he was over eighteen when charged. Further, to hold that Rotramel's records would be accessible—if charged at seventeen rather than after majority—would create an absurdity. Essentially, such a construction would expose a juvenile and cloak an adult, both of whom engaged in the same activities—under a statutory scheme that generally provides juveniles with the protection of anonymity.[24] There is simply nothing in the Juvenile Code or in the specific provisions at issue indicating the Legislature intended such an unbalanced result.

¶ 13 Second, an argument that only those individuals "charged" under 10 O.S. Supp.1997 § 7306–1.1 may have their records disclosed is likewise unconvincing. In Oklahoma, all crimes are statutory.[25] The essential elements of a crime are the statutory provisions defining the offense.[26] Generally, notice of the charged crime is given by a charging document, an "information", filed against the defendant.[27] Although an information need not allege each element of a crime to withstand a due process attack, it must give the defendant notice of the charges sufficient to mount a defense.[28] "Charging statutes" are those legislative provisions which define the crime committed and its elements.[29] Charges are brought pursuant to the specific statute covering the offense.[30]

¶ 14 Despite the assertion that the statute cannot apply to Rotramel because he was not "charged" pursuant to its provisions, § 7306–1.1 has none of the attributes of a "charging statute." It does not define an offense or any of the elements thereof. Rather, it provides that certain persons "charged" with a laundry list of serious crimes shall be considered as adults. In the literal sense, individuals are not "charged" pursuant to § 7306–1.1 at all. Young people, who are accused of the enumerated crimes, are "charged" under the applicable criminal provision—not under 10 O.S. Supp.1997 § 7306–1.1.[31]

¶ 15 Although 10 O.S. Supp.1999 § 7307–1.2(C)(2) may be inartfully drawn, it is clear that the Legislature has determined there are certain offenses, even when committed by individuals under the age of eighteen, which are treated, for confidentiality purposes, in the same manner as a comparable offense committed by an adult. These offenses are enumerated in 10 O.S. Supp. 1997 § 7306–1 .1. Pursuant to the statutory definition of "juveniles" contained in 10 O.S. Supp.1997 § 1301–1.3(4), persons "charged with any crime specified" in § 7306–1.1 are not "juveniles" within the meaning of the Juvenile Code. When these three statutory provisions are considered together, it is clear that the Legislature has determined that individuals who stand accused of particularly serious offenses should be charged as adults and have their records open to the public. Therefore, we hold that when an individual is charged with one of the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1, the general confidentiality requirements of 10 O.S. Supp.

24. Title 10 O.S. Supp.1999 § 7307–1.2(A), see note 4, supra.

25. Title 21 O.S.1991 § 2; *Morrison v. State,* 1990 OK CR 33, ¶ 7, 792 P.2d 1189.

26. *Morrison v. State,* see note 25, supra.

27. *Parker v. State,* 1996 OK CR 19, ¶ 19, 917 P.2d 980, *cert. denied,* 519 U.S. 1096, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997).

28. *Carpenter v. State,* 1996 OK CR 56, ¶ 13, 929 P.2d 988; *Parker v. State,* see note 27, supra.

29. *See, State v. District Court of Cleveland County,* 1991 OK CR 68, ¶ 3, 816 P.2d 552; *Selby v. State,* 1983 OK CR 139, ¶ 3, 670 P.2d 599; *Wor-*chester v. State, 1975 OK CR 111, ¶ 10, 536 P.2d 995; *Wallace v. State,* 1974 OK CR 224, ¶ 5, 529 P.2d 548; *Jones v. State,* 1973 OK CR 151, ¶ 7, 508 P.2d 280; *In re Application of Massie,* 1955 OK CR 56, ¶ 9, 283 P.2d 573.

30. *Smith v. State,* 1981 OK CR 41, ¶ 5, 626 P.2d 1357.

31. *See, W.D.C. v. State,* 1990 OK CR 71, ¶ 1, 799 P.2d 142; *K.L.J. v. State,* 1990 OK CR 22, ¶ 1, 824 P.2d 361; *S.A.H. v. State,* 1988 OK CR 71, ¶ 1, 753 P.2d 381; *Canion v. State,* 1983 OK CR 61, ¶ 2, 663 P.2d 25; *State ex rel. Coats v. Johnson,* 1979 OK CR 58, ¶ 3, 597 P.2d 328.

1999 § 7307–1.2(A) do not apply to the person's juvenile court and law enforcement records.

### b. No issue of retroactivity is presented.

¶ 16 The respondent judge, Juvenile Affairs and Rotramel contend that 10 O.S. Supp.1999 § 7307–1.2(C)(2) should not be applied because to do so is to give it a retrospective application not intended by the Legislature.[32] World Publishing argues that the statute is procedural in nature and subject to retroactive application.[33]

¶ 17 We need not determine the nature of 10 O.S. Supp.1999 § 7307–1.2(C)(2), whether remedial or substantive. If the Legislature amends a statutory provision, the portions of the original statute which are repeated are considered to have been the law from the time they were originally enacted.[34] Further, when a revised and consolidated act re-enacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the revision and consolidation are taken as a continuation of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act.[35] In such instances, no question regarding retroactive application is presented.[36]

¶ 18 It appears from the redacted documents released by the respondent judge that Rotramel's juvenile adjudication and disposition hearings were held in March and April of 1994, respectively. Presumably, the incident giving rise to the hearings took place either earlier that year or in 1993. At the time of the incident and adjudication, 10 O.S. 1991 § 1125.3 provided in pertinent part:

"A. The confidentiality restrictions otherwise provided by law for juvenile court records shall not apply:

... 3. Upon the charging or certification of a juvenile pursuant to Section 1104.2 of Title 10 of the Oklahoma Statutes.

B. The confidentiality restrictions provided by law for law enforcement records pertaining to juveniles shall not apply to the arrest records of juveniles defined by Section 2 of this act as serious offenders or habitual juvenile offenders or to juveniles charged or certified pursuant to Section 1104.2 of Title 10 of the Oklahoma Statutes or certified pursuant to Section 1112 of Title 10 of the Oklahoma Statutes. . . ."

Section 1104.2,[37] like the current version of 10 O.S. Supp.1997 § 7306–1.1, lists particularly egregious offenses which, if committed by persons between the ages of sixteen and seventeen, result in the juvenile being treated as an adult and confidentiality restrictions

---

32. Generally, new legislation operates prospectively only unless the Legislature has clearly indicated a contrary intent. If doubt exists, it is resolved against retroactive effect. *State ex rel. Crawford v. Guardian Life Ins. Co. of America,* 1997 OK 10, ¶ 8, 954 P.2d 1235; *Forest Oil Corp. v. Corporation Comm'n of Oklahoma,* see note 8 at ¶ 11, supra.

33. If a statute affects only a remedy and not a substantive right, it will apply retroactively. *State ex rel. Crawford v. Guardian Life Ins. Co. of America,* see note 32, supra at ¶ 12; *Forest Oil Corp. v. Corporation Comm'n of Oklahoma,* see note 8 at ¶ 11, supra.

34. *Wilson v. State ex rel. Oklahoma Tax Comm'n,* 1979 OK 62, ¶ 8, 594 P.2d 1210; *Branz v. Hutchinson,* 128 Neb. 698, 260 N.W. 198, 200–01 (1935).

35. *Oliver v. City of Tulsa,* see note 22, supra.

36. *See, In re Interest of Natasha H.,* 258 Neb. 131, 602 N.W.2d 439, 445 (1999).

37. Title 10 O.S. Supp.1993 § 1104.2 provides in pertinent part:

"A. Any person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping, robbery with a dangerous weapon, rape in the first degree, rape by instrumentation, use of firearm or other offensive weapon while committing a felony, arson in the first degree, burglary with explosives, burglary in the first or second degree after three or more adjudications for committing either burglary in the first degree or burglary in the second degree, shooting with intent to kill, discharging a firearm, crossbow or other weapon from a vehicle pursuant to subsection B of Section 652 of Title 21 of the Oklahoma Statutes, intimidating a witness, manslaughter in the first degree, nonconsensual sodomy, or manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense a controlled dangerous substance, shall be considered as an adult. . . ."

being removed pursuant to 10 O.S.1991 § 1125.3.

■■■ ¶ 19 The law did not change with the amendment or addition of 10 O.S. Supp. 1999 § 7307–1.2(C)(2). The Legislature determined in § 7307–1.2(C)(2) that certain offenses, even when committed by individuals under the age of eighteen, are treated, for confidentiality purposes, in the same manner as a comparable offense committed by an adult and enumerated those offenses in 10 O.S. Supp.1997 § 7306–1.1. It expressed the same intention in the version of the statutes applicable at the time of Rotramel's juvenile adjudication. Because there has been no substantive change in the law concerning confidentiality, the issue of retrospective/prospective application of the current statutory scheme is not presented.[38]

38. Juvenile Affairs and Rotramel contend that retroactive application of the statute would alter the adult's vested right of privacy in the juvenile proceedings. Nevertheless, Juvenile Affairs concedes that should any of the enumerated exceptions outlined in 10 O.S. Supp.1999 § 7307–1.2(C) apply, the records are subject to release. [The response and brief in support of State of Oklahoma, *ex rel.* Office of Juvenile Affairs to application to assume original jurisdiction and petition for writ of mandamus, filed on December 11, 2000, provides in pertinent part at pp. 8–9:

"... In the spirit of beating a dead horse, Petitioner once again asserts in proposition 'D' of its Brief that Respondent erred by holding that the exceptions to confidentiality set forth in section 7307–1.2.C do not apply to Rotramel's juvenile records. As set forth previously in propositions 'A' and 'B' above, Respondent's ruling in that regard was not error. While Petitioner correctly asserts that no discretion is allowed for in the release of records which fall under the exceptions of subsection C, Petitioner's argument in that regard is superfluous because Respondent correctly ruled that Rotramel's records do not fall under those exceptions...."

Admissions in the brief may be regarded as a supplement to the appellate record. *Oklahoma City Urban Renewal Auth. v. Medical Technology & Research Auth. of Oklahoma,* 2000 OK 23, ¶ 14, 4 P.3d 677; *Wright v. Grove Sun Newspaper, Inc.,* 1994 OK 37, ¶ 2, 873 P.2d 983; *Kwikset/Emhart v. Mayberry,* 1990 OK 112, ¶ 3, 800 P.2d 239.] Our determination that there has been no substantive change in the law concerning confidentiality is dispositive of the assertion. Nevertheless, other courts have determined that a minor's right of confidentiality in juvenile records is not constitutional in nature. *Cutshall v.*

## II.

¶ 20 **UNDER THE FACTS PRESENTED, FAILURE TO RELEASE THE ADULT'S JUVENILE COURT AND LAW ENFORCEMENT RECORDS WAS AN UNAUTHORIZED APPLICATION OF JUDICIAL POWER.**

■■■ ¶ 21 Rotramel, an adult, is charged not only with the most serious of crimes against society—murder—but also with the kidnapping, sexual molestation and rape of minors. Even were there no express statutory provision mandating the release of Rotramel's records, under the facts presented, failure to release the documents constitutes an unauthorized use of judicial force.[39]

■■■ ¶ 22 Juvenile judges may release records upon a determination that a compel-

*Sundquist,* 193 F.3d 466, 480 (6th Cir.1999), *cert. denied,* 529 U.S. 1053, 120 S.Ct. 1554, 146 L.Ed.2d 460 (2000); *United States v. Jiles,* 658 F.2d 194, 200 (3rd Cir.1981); *Matter of Chase,* 112 Misc.2d 436, 446 N.Y.S.2d 1000, 1008 (1982) A juvenile's right to confidentiality springs from state law as a "policy interest." *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The preservation of confidentiality is a political, not a constitutional question. See, A. Blum, "Disclosing the Identities of Juvenile Felons: Introducing Accountability to Juvenile Justice," 27 Loy.U.Chi. L.J. 349, 376. Although a statutory scheme may create a general expectation of privacy, exceptions allowing disclosure of juvenile records are sufficient to countervail the statutorily created privacy right of the juvenile. *United States v. Chacon,* 564 F.2d 1373, 1375 (9th Cir.1977). See also, *United States v. Inglesi,* 988 F.2d 500 (4th Cir.1993) [Failure to seal a juvenile record required by statute did not violate due process rights, because there was no violation of a right arising to the level of constitutional protection.].

39. A prerogative writ will issue to arrest the unauthorized or excessive use of judicial force. *Gaylord Entertainment Co. v. Thompson,* 1998 OK 30, ¶ 6, 958 P.2d 128; *Brock v. Thompson,* 1997 OK 127, ¶ 5, 948 P.2d 279. Further, the standard of review for the release of juvenile records on appeal is generally recognized as that of an abuse of discretion. *State ex rel. Plain Dealer Publishing Co. v. Geauga County,* 90 Ohio St.3d 79, 734 N.E.2d 1214, 1222 (Ohio 2000); *Seattle Times Co. v. County of Benton,* 99 Wash.2d 251, 661 P.2d 964, 969 (1983); *In re R.G.,* 79 Cal.App.4th 1408, 94 Cal.Rptr.2d 818, 821 (2000); S. Cetrulo, "Open Access to Juvenile Proceedings," 1 Mar Ky. Children's Rts. J. 1, 3 (1991).

ling reason exists for disclosure and that the release is necessary for the protection of a legitimate public or private interest.[40] The Legislature has recognized that if the Juvenile Code's rehabilitative goals fail, juvenile records may be utilized in subsequent adult proceedings for sentencing purposes, even if those records have been sealed.[41] Further, the Oklahoma Court of Criminal Appeals has held that the juvenile history of an adult offender may be included in a presentence investigation and report used to facilitate the trial court's determination of the appropriate sentence to be imposed.[42] Other jurisdictions have allowed the release of juvenile records in a variety of situations.[43]

¶ 23 Just as it is clear that an adult with a previous juvenile adjudication should not be concerned that those records will be released merely because of a routine traffic stop, it is also unquestionable that once an adult is charged with the serious crimes outlined in 10 O.S. Supp.1997 § 7306–1.1, the general presumption of privacy growing out of hopes for rehabilitation have failed.[44] Under the facts presented, the balance of privacy versus the protection of the public weighs heavily in favor of disclosure.[45]

---

**40.** Title 10 O.S. Supp.1999 § 7307–1.2(F) through (G), see note 7, supra.

**41.** Title 10 O.S. Supp.1996 § 7307–1.7(F) provides in pertinent part:
"Members of the judiciary, district attorneys, the defendant, the defendant's counsel and employees of juvenile bureaus, [sic] the Department of Juvenile Justice assigned juvenile court intake responsibilities, and the Department of Corrections may access records that have been sealed pursuant to this section without a court order for the purpose of determining whether to dismiss an action, seek a voluntary probation, file a petition, or for purposes of sentencing or placement in a case where the person who is the subject of the sealed record is alleged to have committed a subsequent juvenile delinquent act or any adult criminal offense...."
*United States v. Carney,* 106 F.3d 315, 317 (10th Cir.1997).

**42.** *Young v. State,* 1976 OK CR 153, ¶ 9, 553 P.2d 192.

**43.** *United States v. Chacon,* see note 38, supra [Where a juvenile is involved in a transaction leading to another's prosecution, the juvenile's court records are subject to release even though the juvenile is not a party to the action.]; *State ex rel. Dispatch Printing Co. v. Louden,* 91 Ohio St.3d 61, 741 N.E.2d 517, 521 (2001) [Closure of juvenile hearing to press unjustified when juvenile presented no argument supporting closure.]; *In re James B.,* 45 Conn.Supp. 315, 714 A.2d 735, 739 (1998) [Insurer as a "victim" of delinquent act allowed access to juvenile records in civil proceeding.]; *State v. Madison,* 163 Vt. 390, 659 A.2d 124, 127 (1995) [Juvenile records released for consideration in bail hearing to determine if defendant posed substantial threat to society.]; *Matter of Falstaff Brewing Corp.,* 637 A.2d 1047, 1051 (R.I.1994) [Juvenile's records were subject to release to the victim of a crime for use in civil action.]; *State v. Brown,* 121 Idaho 385, 825 P.2d 482, 486 (1992) [It is within the discretion of the trial court to order release of juvenile records to presentence investigator.];

*Hickey v. Eighth Judicial Dist. Court,* 105 Nev. 729, 782 P.2d 1336, 1339 (1989) [Discovery of son's juvenile records appropriate in action alleging father's negligent supervision.]; *Seattle Times Co. v. County of Benton,* 99 Wash.2d 251, 661 P.2d 964, 966 (1983) [Research by newspaper reporter on issue of whether abused children suffer more from intervention or nonintervention by state was legitimate research sufficient to allow release of juvenile records.]; *Matter of the Interest of Hollingshead,* 228 Kan. 708, 619 P.2d 1160–61 (1980) [Trial court did not abuse discretion in releasing name of 15 year old juvenile adjudicated a miscreant child for his involvement in school vandalism to news media.]; *In re R.G.,* 79 Cal.App.4th 1408, 94 Cal.Rptr.2d 818, 825 (2000) [In connection with child protective proceeding, school district demonstrated good cause for release of juvenile records showing teacher had sexually abused his children.]; *Navajo Express v. Superior Court,* 186 Cal.App.3d 981, 231 Cal.Rptr. 165, 167 (1986) [Where juvenile put his mental condition in evidence in a personal injury suit, real party in interest was entitled to discover juvenile records disputing the condition claimed.]; See also, *In re J.R.,* 307 Ill.App.3d 175, 240 Ill.Dec. 375, 717 N.E.2d 468, 473 (1999) [Although property manager where juvenile committed murder could inspect juvenile records, there was no statutory authority to allow the copying of the records.]; But see, *Clerk of the Municipal Court of the City of Cordova v. Lynn,* 702 So.2d 166, 168 (Ala.Civ.App.1997) [Individual attempting to determine whether to sue city was not entitled to unredacted docket sheets showing juvenile actions.]; *In re Sheldon G.,* 216 Conn. 563, 583 A.2d 112, 112 (1990) [Only showing of compelling need justified non-consensual disclosure of information contained in juvenile records for purposes of civil litigation involving adult.].

**44.** See, *Young v. State,* note 42, supra.

**45.** When the crime involved is a felony, best interests of the public outweigh the policy reasons for confidentiality. *Taylor v. State,* 438

## CONCLUSION

¶ 24 Traditionally, juvenile records have enjoyed a confidential status.[46] Policies of non-disclosure developed out of beliefs that it was important to protect individuals from ridicule for youthful indiscretions and to promote the central goal of juvenile legislation—rehabilitation.[47] Today, juvenile crime has been recognized as a national epidemic.[48] The public's heightened concern regarding juvenile offenders and the increasing juvenile crime rate have prompted the erosion of the confidential status juvenile records enjoyed historically.[49] Increasingly, there are calls to open juvenile proceedings to the public—either because the closed system hampers improvements to child welfare programs [50] or because there is a strong belief that serious, chronic and violent juveniles simply do not respond to rehabilitation.[51]

¶ 25 The lack of confidence in the rehabilitative model has led the Oklahoma Legislature and forty-six other states to alter their respective confidentiality provisions, making records and proceedings more open.[52] By allowing access to the juvenile court and law enforcement records here, we do not disregard the expressed legislative intent that, generally, juvenile records should be confidential.[53] We recognize the importance of affording juveniles the opportunity to enter adulthood free of the stigmatization that follows criminal offenders. Further, the purpose of fostering juvenile rehabilitation by hiding youthful indiscretions is worthy.[54] Nevertheless, the Legislature has expressed its intent in 10 O.S. Supp.1999 § 7307–1.2(C)(2) that when an individual commits a serious criminal act, the offender should no longer be entitled to the cloak of confidentiality. In doing so, the legislative body undoubtedly has weighed the sweeping societal concern with serious juvenile offenses justifying disclosure against the necessity of accurate media coverage and an informed public.[55]

N.E.2d 275, 280 (Ind.1982); *Cheyenne K. v. Superior Court*, 208 Cal.App.3d 331, 256 Cal.Rptr. 68, 70 (1989). See also, *In re K.F.*, 151 Vt. 211, 559 A.2d 663–64 (1989) [Confidentiality privilege will not extend to a juvenile charged with manslaughter pending a decision to transfer the cause to juvenile court.].

**46.** K. Nelson, "The Release of Juvenile Records under Wisconsin's Juvenile Justice Code: A New System of False Promises," 81 Marq. L.Rev. 1101 (1998); Confidentiality of Juvenile Court Records: Hearing Before the Subcommittee on Juvenile Justice of the Committee on the Judiciary, 98th Cong. 1 2 (1983).

**47.** *Oklahoma Pub. Co. v. District Court of Oklahoma County*, 1976 OK 145, ¶ 14, 555 P.2d 1286, *over'd on other grounds*, 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977); E. Bazelon, "Public Access to Juvenile & Family Court: Should the Courtroom Doors be Open or Closed?", 18 Yale L. & Pol'y Rev. 155 (1999); K. Nelson, "The Release of Juvenile Records Under Wisconsin's Juvenile Justice Code: A New System of False Promises", see note 46, supra.

**48.** E. Thompson, "Juvenile Delinquency: A Judge's View of Our Past, Present, and Future," 46 Okla. L.Rev. 655 (1993).

**49.** J. Steinfield, R. Bertsche, S. Svonkin, "Recent Developments in the Law of Access–2000," 625 PLI/Pat 7, 46 (2000); G. Martin, Jr., "Open the Doors: A Judicial Call to End Confidentiality in Delinquency Proceedings," 21 New Eng. J. on Crim. & Civ. Confinement 393, 395 (1995); A.

Blum, "Disclosing the Identities of Juvenile Felons: Introducing Accountability to Juvenile Justice," 27 Loy. U.Chi. L.J., 349, 354 (1996).

**50.** E. Bazelon, "Public Access to Juvenile & Family Court: Should the Courtroom Doors be Open or Closed?", see note 47, supra.

**51.** J.S. Coupet, "What To Do With the Sheep in Wolf's Clothing: The Role of Rhetoric & Reality About Youth Offenders in the Constructive Dismantling of the Juvenile Justice System," 148 U.Pa. L.Rev. 1303, 1317 (2000); O'Connor & L. Treat, "Getting Smart About Getting Tough: Juvenile Justice & The Possibility of Progressive Reform," 33 Am.Crim. L.Rev. 1299, 1331 (1996).

**52.** H. Snyder & M. Sickmund, National Center for Juvenile Justice, Juvenile Offenders & Victims: 1999 National Report 89 (1999) at 101.

**53.** Title 10 O.S. Supp.1999 § 7307–1.2(A), see note 4, supra.

**54.** *Matter of Falstaff Brewing Corp.*, see note 43, supra; P. Kfoury, "Children Before the Court," 17 New Eng. J. on Crim. & Civ. Confinement, 55–56 (1991).

**55.** Without such coverage and the discussion of issues of governmental interest, it is doubtful that the general public would be able to make informed decisions and participate intelligently in their governance. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 1044, 43

¶ 26 Under the facts presented, failure to release the records was an unauthorized use of judicial force. Rotramel, an adult, is charged with the most serious of crimes against society—murder—and with the kidnapping, sexual molestation and rape of minors. Whether his failure to rehabilitate himself is the result of a fault in the juvenile system or lies elsewhere, it is clear that rehabilitative efforts have not been successful.[56]

¶ 27 Pursuant to the laws enacted by the Oklahoma Legislature and considering the facts of this cause, we hold that: 1) juvenile court and law enforcement records of individuals charged with the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1 are open records pursuant to 10 O.S. Supp.1999 § 7307–1.2(C)(2); and 2) under the facts presented—an adult charged with committing heinous crimes against children, failure to release the juvenile court and law enforcement records was an unauthorized use of judicial power. Original jurisdiction is assumed and the writ of mandamus is granted.

**ORIGINAL JURISDICTION ASSUMED; WRIT GRANTED.**

¶ 28 HARGRAVE, C.J., WATT, V.C.J., HODGES, OPALA, KAUGER, WINCHESTER, JJ. concur.

¶ 29 LAVENDER and BOUDREAU, JJ. concurring in part and dissenting in part.

¶ 30 SUMMERS, J. dissents.

BOUDREAU, J., dissenting in Part I, concurring in Part II and with the assumption of original jurisdiction and the issuance of the writ of mandamus.

¶ 1 I respectfully dissent to Part I of the majority's opinion. In my view, 10 O.S.1999, § 7307–1.2(C)(2) does not apply to adults. I concur, however, with Part II of the opinion and with the assumption of original jurisdiction and the issuance of the writ of mandamus.

L.Ed.2d 328 (1975); *Gaylord Entertainment Co. v. Thompson,* 1998 OK 30, ¶ 13, 958 P.2d 128.

**56.** Adults who have previously been included in the juvenile system and who commit crimes after

¶ 2 The material facts of this case are straightforward. Robert Wayne Rotramel was nineteen years old when he allegedly kidnapped two young girls (a seven-year-old and a twelve-year-old), murdered the younger one and raped and sodomized the older one. Earlier in his life, Rotramel had been adjudicated delinquent in a juvenile proceeding that is not related to his alleged murder, rape and sodomy of the young girls. Petitioner sought a court order releasing all of Rotramel's juvenile court records and law enforcement records. The trial court released redacted versions of Rotramel's Adjudication Journal Entry and Disposition Journal Entry, but did not release any other records.

**I**

**Title 10, section 7307–1.2(C)(2)
does not apply to adults.**

¶ 3 While juvenile court records and law enforcement records are generally confidential, there are exceptions. The question in this case is whether the exception at 10 O.S.1999, § 7307–1.2(C)(2) applies to Rotramel, who has a juvenile record but was an adult at the time he allegedly committed the crimes of murder, kidnapping and sodomy. The C(2) exception provides that "[t]he confidentiality requirements of subsection A of this section for juvenile court records and law enforcement records shall not apply: ... upon the charging of an individual pursuant to Section 7306–1.1 of this title." 10 O.S. 1999, § 7307–1.2(C)(2).

¶ 4 In my view, the language of the (C)(2) exception is unambiguous and applies solely to individuals *13 to 17 years old,* not to adults, who are charged with one of the crimes enumerated in 10 O.S.1997, § 7306–1.1. The (C)(2) exception expressly refers to § 7306–1.1, which is Oklahoma's reverse certification statute. By its express terms, § 7306–1.1 applies solely to individuals 13 to 17 years old who are charged with committing one or more of the crimes enumerated

majority obviously have not benefitted from rehabilitative efforts. See, *In re Keisha T.,* 44 Cal. Rptr.2d 822, 38 Cal.App.4th 220, 233 (1995).

therein prior to January 1, 1998.[1] The (C)(2) exception has nothing to do with adults who are charged with committing one or more of those enumerated crimes.

¶ 5 The majority opinion attempts to create an ambiguity in the language of the (C)(2) exception and then manufactures legislative intent to support its proposition that the exception applies to both juveniles and adults. In search of an ambiguity, the majority points to the Legislature's use of the word "individual" rather than the word "juvenile" in the (C)(2) exception. According to the majority opinion, the Legislature's use of the word "individual" is evidence of the Legislature's intent that the (C)(2) exception applies to both juveniles and adults.

¶ 6 In my view, the reason for the Legislature's use of the word "individual" instead of "juvenile" is much less obscure. The statutory definition of "juvenile," at 10 O.S.2000, § 7301-1 .3(4), excludes individuals who are charged pursuant to § 7306-1.1. Certainly it would make no sense for the Legislature to specifically exclude a class of persons from the definition of "juvenile" and then refer to these same individuals as juveniles in the (C)(2) exception. Moreover, had the Legislature intended a single subsection of the Oklahoma Juvenile Code to apply to crimes committed by adults, contrary to every other section of the Oklahoma Juvenile Code, it certainly would have expressed this intent in a more explicit manner than simply substituting the word "individual" for the word "juvenile."

¶ 7 The majority also argues that if the (C)(2) exception did not apply to adults, it would create an "absurdity." According to the majority, if the (C)(2) exception did not apply to adults, then the exception would make public the complete juvenile record of an individual 13 to 17 years old who is charged with a crime enumerated under § 7306-1.1, but would maintain the confidentiality of the complete juvenile record of an adult charged with the same crime.

¶ 8 The majority's argument is premised on an unexamined assumption that the (C)(2) exception makes public the *complete* juvenile record of anyone charged with a crime enumerated in § 7306-1.1. In my view, a proper reading of the (C)(2) exception is that the only records to be opened are those records pertaining to the current charge. In other words, the exception treats only the individual's current conduct as a public matter. It is clear the Legislature knows how to designate a juvenile's complete court record when it so intends. For example, in § 7306-2.5(C)(1), the Legislature refers to "the *complete juvenile record* of the accused." If the Legislature intended the (C)(2) exception to open up the complete juvenile record of an individual, it could easily have done so with the same or similar language.

¶ 9 Accordingly, the exception does not "expose a juvenile and cloak an adult," but merely treats the court records of an individual who is "considered" an adult under § 7306-1.1 the same way the court records of an adult are treated.

¶ 10 Even assuming, arguendo, that the language of the (C)(2) exception is ambiguous, the Legislature's clear intent is that the exception does not apply to adults. The true interpretation of ambiguous language in a statute may be found by resort to the subject matter, and the language of a statute must be read in a sense which harmonizes it with the subject matter. *Board of Education of Burbank Independent School Dist. No. 20 v. Allen,* 1945 OK 18, 195 Okla. 209, 156 P.2d 596. Another rule of construction provides that different parts of a statute reflect light upon each other, and statutory provisions are regarded as *in pari materia* where they are part of the same Act. *Taylor v. State Farm Fire and Casualty Co.,* 1999 OK 44, 981 P.2d 1253. Section 7307-1.2(C) contains seven separate exceptions to the confidentiality requirements of subsection (A). A review of the other six exceptions in § 7307-1.2(C) reveals that each of them indisputably applies to individuals under the age of 18.[2] The majority opinion has rested its construction upon the (C)(2) exception alone, isolating it from the other exceptions. The (C)(2) exception should be construed *in pari materia*

---

1. Youth who commit offenses on or after January 1, 1998, are governed by the Youthful Offender Act, 10 O.S.1997, §§ 7306 2.1–2.12.

2. The first two exceptions pertain to individuals between 13 and 17 years of age who are treated as adults for purposes of prosecution-whether *certified* as an adult under § 7303-4.3 or *consid-*

with the other six exceptions in the statute. The other six exceptions shed light on the Legislature's intent with respect to the (C)(2) exception and indicate that it does not apply to adults.

¶ 11 Finally, in interpreting the (C)(2) exception, the majority opinion treats § 7306–1.1 as merely a descriptive list of crimes. Actually, § 7306–1.1 is much more than that. It not only enumerates certain crimes which, if committed by an individual between 13 and 17, result in the individual being considered an adult for purposes of prosecution, it also gives those under-age individuals substantial procedural and substantive protections to which adults are not entitled. § 7306–1.1(A)(D). For instance, it requires that the accused be detained in a jail cell or ward entirely separate from prisoners who are adults. It requires service of the information on the parent or guardian. It allows the trial court, at the preliminary hearing stage of the adult criminal proceeding, to certify the individual as a child. While I agree with the majority that § 7306–1.1 is not technically a "charging statute," the (C)(2) exception clearly is more than a descriptive list of crimes.

¶ 12 It might be sound public policy to open the complete juvenile record of an individual charged with a serious crime, especially in a case as heinous as this. But the responsibility for fashioning public policy rests with the Legislature, not this Court. I disagree with the majority opinion to the extent the majority concludes the (C)(2) exception applies to both children and adults.

## II

**The trial court abused its discretion when it failed to release all of Rotramel's records pursuant to 10 O.S. § 7307–1.2(G).**

¶ 13 Juvenile courts may release juvenile court records and law enforcement records

upon a determination that a compelling reason exists for disclosure and that the release is necessary for the protection of a legitimate public or private interest. 10 O.S. § 7307–1.2(G). The trial court must conduct an individualized case-by-case review of the records, giving due regard to the confidentiality of the records and the privacy of the persons identified in the records. *Id.*

¶ 14 The majority correctly concludes that the standard of review on appeal for the release of such records is generally recognized as that of abuse of discretion. An abuse of discretion occurs when a trial court makes a clearly erroneous conclusion and judgment, against reason and evidence. *CNA Ins. Co. v. Krueger, Inc.*, 1997 OK 142, 949 P.2d 676. In my view, the majority opinion correctly concludes that the trial court abused its discretion when it failed to release all of Rotramel's juvenile court records and law enforcement records pursuant to 10 O.S. § 7307–1.2(G).

¶ 15 Petitioner articulated a compelling reason to release Rotramel's records. This case implicates, in a direct and concrete manner, an issue of serious public concern, *i.e.*, the efficacy of the juvenile system. Access to Rotramel's records will afford the public an opportunity for free and open discussion of a critical function of government in a case where an adult with an unexpunged juvenile record is alleged to have become a repeat offender shortly after being released from juvenile court supervision.

¶ 16 The public policy of maintaining the confidentiality of juvenile court records and law enforcement records exists primarily to allow the juvenile system to rehabilitate juveniles and afford them a fresh start after they

---

ered an adult under § 7306–1.1. The third exception is for traffic violations committed by individuals under 18. (It would be nonsensical to construe the third exception as applying to adults. Since records of adult traffic violations are not confidential, there is no need for an exception to confidentiality). The fourth exception is for individuals 14 or older who have previously been adjudicated delinquent and who subsequently come before the juvenile court on a new delinquency matter after July 1, 1995. The

fifth exception is for individuals who are adjudicated delinquent for committing a delinquent act that, if committed by an adult, would be a felony offense that is a crime against the person or would be a felony offense involving a dangerous weapon. The sixth exception is for the arrest records of a juvenile arrested for committing an act that, if committed by an adult, would be a felony. The seventh, and last, exception is for violations of the Prevention of Youth Access to Tobacco Act, 37 O.S. §§ 600.1, *et seq.*

have passed through the juvenile system and become adults. *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979). In that sense, the policy protects juveniles' privacy so they can "start over" when they are adults. Rotramel, however, is charged with committing, at age 19, murder, rape and sodomy, after having been adjudicated delinquent for forcible sodomy when he was 14 years old. He will not be rehabilitated by the juvenile system. Thus, the public policy of protecting his privacy so he can start over when he reaches adulthood no longer applies to him.

¶ 17 However, a trial court must also consider the privacy of other persons identified in the juvenile court records. The privacy interests of victims and other persons can be protected by redacting their names and other identifying information.

¶ 18 Accordingly, I agree that this Court should assume original jurisdiction and grant a writ of mandamus requiring the trial court to release all of Rotramel's juvenile court records and law enforcement records. However, I would require the trial court to redact the names and other identifying information of other persons whose privacy interests might be harmed by disclosure.

¶ 19 I am authorized to state that Justice Lavender joins in the views expressed herein.